86 So.2d 887 (1956)
The BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, Florida, Appellant,
v.
CITY OF JACKSONVILLE, a municipal corporation, Appellee.
Supreme Court of Florida. Special Division B.
April 18, 1956.
McCarthy, Lane & Adams and Elliott Adams, Jacksonville, for appellant.
William M. Madison and Claude L. Mullis, Jacksonville, for appellee.
ROBERTS, Justice.
This case involves an interpretation of Section 235.34, Fla. Stat. 1955, F.S.A., enacted in 1953 as Chapter 28266, Acts of 1953. The precise question here presented is whether this Act empowers the City of Jacksonville to construct a sidewalk adjacent to a public high school in Duval County and assess the cost thereof against the County Board of Public Instruction of Duval County (the "County Board") without the consent and approval of the County Board. The question arose in a suit for declaratory relief filed by the City against the County Board, after the County Board had refused to approve the construction of the proposed sidewalk by the City. The lower court held that the City could do so, and the County Board has appealed.
The Act in question has to do with the construction of special improvements, such as sidewalks, street and sanitary improvements, for the benefit of school plants or "other state boards or agencies", and declares in Section 1 thereof that "in the case of school plants and facilities such improvements are necessary for the safety and health of the students and others using such school plants and facilities." Section 2 of the Act reads as follows:
"The county boards of public instruction of the state and other boards and agencies of the state which have the handling and disposition of public monies derived through the collection of taxes, be, and each of them is hereby authorized, from the funds in their hands or control, and coming into their hands and control, to expend such portion thereof as may be necessary for the purpose of paying off and discharging lawfully imposed encumbrances upon school properties, or properties of other state agencies or boards, which *888 encumbrances have been lawfully imposed thereon for special or local assessments for street improvements, sidewalk improvements, sanitary improvements and like special benefits."
No useful purpose would be served by discussing the wisdom of a legislative policy that would vest in city officials the discretion of deciding when public school funds should be diverted from other more vital school purposes  such as teachers' salaries, classroom supplies, repair and maintenance of the school plant, and the like  to the construction of a street or sidewalk adjacent to the school building, because we have the view that such was not the legislative intent. As originally introduced in the Senate by Senate Bill 880, the Act in question provided in Section 2 thereof, supra, that "The county boards of public instruction * * * and each of them is hereby authorized and directed * * *" to use funds in their hands to pay off "lawfully imposed" special assessments for street improvements and the like. But the italicized words were deleted by an amendment offered by the Senate Committee on Cities and Towns, and adopted by the Senate. In these circumstances, it cannot seriously be contended that the Legislature intended not only to authorize the county boards of public instruction to discharge such encumbrances but also to direct them to do so.
Moreover, it must be assumed that the Legislature had a specific purpose in mind when it used the words "lawfully imposed" in describing the encumbrances which school boards "and other boards and agencies of the State of Florida" were authorized to discharge; and we think these words may fairly be interpreted as referring to the provisions of Section 192.08, Fla. Stat. 1955, F.S.A., relating to special assessments "lawfully imposed upon lands or other property owned by the said state or by its agency" for special improvements, and requiring the approval of such special assessment by the state agency or department whose property is specially improved.
We hold, therefore, that the Act in question authorizes a county board of public instruction to use public school funds (or, at least, district school funds as distinguished from the County School Fund, see City of Miami v. Board of Public Instruction, Fla. 1954, 72 So.2d 901) to pay for special improvements, but that it does not require the board to do so where the improvement is made without the board's consent and approval; and we hereby recede from City of Miami v. Board of Public Instruction, supra, 72 So.2d 901 insofar as it holds to the contrary.
For the reasons stated, the decree appealed from should be and it is hereby
Reversed.
DREW, C.J., THOMAS, J., and PRUNTY, Associate Justice, concur.