OWEN, Judge.
Appellant, City of Titusville, constructed a sanitary sewerage facility, assessing a part of the cost thereof against the abutting property owners one of whom was the Board of Public Instruction of Brevard County (herein referred to as School Board). When the School Board, which had not given its prior consent and approval to the construction of the improvement or to the special assessment against its property, refused to pay such assessment the city brought an action in mandamus to compel the School Board to pay. The trial court dismissed the amended complaint with prejudice, resulting in this appeal.
It is our opinion that the amended complaint stated a cause of action for mandamus and that the court erred in dismissing it with prejudice.
In 1953 the legislature of this state, by Chapter 28266, Laws of Florida, 1953, expressly authorized county boards of public instruction to expend public funds for the purpose of discharging lawfully imposed encumbrances upon school properties for special assessments for sanitary improvement, this being carried in the statutes as F.S. Section 235.34, F.S.A.[1] The purpose of this legislation was discussed by the Supreme Court of Florida in Miami v. Board of Public Instruction of Dade County, Fla.1954, 72 So.2d 901, at 903 in the following language:
“As we read [Chapter 28266], it was undoubtedly enacted by the legislature to meet the views expressed by this Court in Blake v. City of Tampa, 115 Fla. 348, 156 So. 97, 100, wherein it was held, in respect to the payment of assessment liens against school property: ‘. . .it is not within the constitutional power of the Legislature to provide for the en *838 forcement of any such special or local assessment lien by execution, levy, or de-cretal sale on foreclosure to satisfy said lien, even though duly imposed, because to do so would tend to destroy the constitutional trust upon which all school property is owned and held, and is required by the Constitution to be employed. . . . [however] the authority given under the Constitution to a school district to purchase, own, hold, and use real property for school purposes, and to expend special tax school district funds thereon, is subject to legislative direction and control within the scope of the special constitutional school purposes, and that the Legislature by a specific enactment so providing, may authorize and direct the expenditure of a part of the public school funds for the purpose of paying off and discharging lawfully imposed encumbrances upon school properties, imposed thereon by reason of special or local assessments . . . when not in excess of the benefits thereon as determined pursuant to law . .’ ” (Emphasis supplied)
In the Dade County case, supra, by way of dicta the court expressed the view that such statute authorized and directed the school boards to pay such assessments out of funds under their control. However, two years later in the case of Board of Public Instruction of Duval County v. City of Jacksonville, Fla.1956, 86 So.2d 887, the Supreme Court of Florida was called upon to consider the precise question of whether F.S. Section 235.34, F.S.A. empowered the City of Jacksonville to construct a sidewalk adjacent to a public high school in Duval County and to assess the cost thereof against the County Board of Public Instruction of Duval County without the consent and approval of the county board. In answering this question in the negative the court stated:
“We hold, therefore, that the Act in question authorizes a county board of public instruction to use public school funds (or, at least, district school funds as distinguished from the County School Fund, see City of Miami v. Board of Public Instruction, Fla.1954, 72 So.2d 901) to pay for special improvements, but that it does not require the board to do so where the improvement is made without the board’s consent and approval; and we hereby recede from City of Miami v. Board of Public Instruction, supra, 72 So.2d 901 insofar as it holds to the contrary.”
Recognizing the construction which the Supreme Court has placed on F.S. Section 235.34, F.S.A., we think it clear that if the appellant City of Titusville was seeking to rely solely upon this statute, it clearly would not be entitled to maintain its action for mandamus against the School Board.
But here the city is relying also upon its charter, Chapter 63-2001, Special Acts of 1963, Laws of Florida, and particularly Section 153 thereof[2] pertaining to special assessments against political subdi *839 visions for improvements benefiting the property of such political subdivision. It is the appellant’s contention that while the general law (F.S. Section 235.34, F.S.A.) merely authorizes the School Board to expend public funds under its control to discharge lawfully imposed encumbrances for special improvements to its property, the Special Act (Section 153 of Chapter 63-2001, Special Acts of 1963) specifically directs the School Board (as being within the generic term of a political subdivision or taxing district of the State of Florida) to pay the amount of the special assessment out of any funds available to it for that purpose. We agree that this is the proper interpretation of the Special Act when construed in conjunction with the general law, and that the existence of this Special Act serves to distinguish the present case from the case of Board of Public Instruction of Duval County v. City of Jacksonville, supra.
Chapter 63-2001, Special Acts of 1963, Laws of Florida, had as its effective date Juñe 3, 1963. The amended complaint sought an order requiring the defendant School Board to pay for special assessments made March 26, 1963, in the sum of $726.70, and to pay for special assessments made February 16, 1965 (for a separate improvement) in the sum of $6,300. To apply the charter retroactively to the assessment made March 26, 1963, would be contrary to the principle announced in City of Miami v. Board of Public Instruction, Fla.1954, 72 So.2d 901, and Board of Public Instruction of Dade County v. Little River Valley Drainage District, Fla.App.1960, 119 So.2d 323. Its prospective application to the assessment made February 16, 1965, would be proper. Summarizing our view, F.S. Section 235.34, F.S.A. vested the School Board with authority to pay both the 1963 and the 1965 assessments for improvements specially benefiting its property, and Chapter 63-2001, Special Acts of 1963, Laws of Florida, imposed upon the School Board the duty to pay or discharge the 1965 assessment. The order dismissing the amended complaint with prejudice is reversed and this cause remanded for further proceedings consistent herewith.
Reversed.
CROSS, C. J., and WALDEN, J., concur.

. “235.34 Street, sidewalk, sanitary improvements; school plants, facilities of other state agencies; expenditures authorized. (1) It is hereby declared that the placing of sidewalks, the making of street improvements, sidewalk improvements, sanitary improvements and like special benefits are proper and necessary parts of school plants when such improvements are furnished to or in connection with such plants and that they are proper and necessary facilities for other state boards or agencies whenever they are lawfully constructed so as to bring such benefits within the provisions of laws governing special benefits in this state; that in the case of school plants and facilities such improvements are necessary for the safety and health of the students and others using such school plants and facilities.
“(2) The county boards of public instruction of the state and other boards and agencies of the state which have the handling and disposition of public moneys derived through the collection of taxes, be, and each of them is hereby authorized, from the funds in their hands or control, and coming into their hands and control, to expend such portion thereof as may be necessary for the purpose of paying off and discharging lawfully imposed encumbrances upon school properties, or properties of other state agencies or boards, which encumbrances have been lawfully imposed thereon for special or local assessments for street improvements, sidewalk improvements, sanitary improvements and like special benefits.”

. “Section 153. Assessments against Political Subdivision. No special assessments shall be made under this Act against the property of the United States, nor against property owned by the State of Florida, in respect to any lands or real property held by them for public purposes. Any political subdivision or taxing district of the State of Florida owning real estate within the City of Titus-ville may be assessed for any benefits to such property and shall be chargeable with notice of the assessment herein provided in the same manner as other persons. The assessment shall be entered upon the Assessment List, and it shall be the duty of the governing authority of the county, district, political subdivision or taxing district to pay the same out of any funds available for that purpose, or in the event that there be no funds available therefor, to levy and collect a sufficient amount in the next annual levy to pay the amount of the assessment, and such assessments shall not be a lien on such property nor shall the provisions of this Act authorizing the sale of property for unpaid special assessments be applicable thereto, but such lien may be enforced by appropriate action against the taxing division.”