QUESTION:
Does s. 235.34, F.S., authorizing a school board to expend funds for special improvements agreed to by the board, take precedence over a municipal charter provision requiring the school board to pay for assessments for special benefits levied by the city?
SUMMARY:
A city charter provision (now an ordinance pursuant to s.166.021(5), F.S.) empowering a city to make assessments for special improvements against property of a school district located within the city and imposing a duty on the school board to pay such assessments out of any funds available to it for that purpose takes precedence over s. 253.34, F.S., authorizing school boards to expend funds for certain special improvements in such amounts as agreed to by the school board.
The subject matter — levying of assessments for special benefits and directing payment therefor — has not been expressly preempted to state or county government by the Constitution or by general law; nor is it expressly prohibited by the Constitution, general law, county charter, or special law.
Your question is answered in the negative.
Section 235.34, F.S., as amended by Ch. 73-338, Laws of Florida, authorizes school boards to expend funds for designated special improvements and provides that any payments so authorized shall not be mandatory unless the specific improvement and its costs have been agreed to by the school board prior to the improvement being made. Section 153 of the Titusville Charter, Ch. 63-2001, Laws of Florida, provides in part that the property of any political subdivision or taxing district situated within the city may be assessed for any benefits to such property and makes it the duty of the governing authority of such political subdivision or taxing district to pay the same out of any funds available for that purpose or to levy and collect a sufficient amount by the next annual tax levy to pay the amount of such assessment. This charter provision has been interpreted to specifically direct the school board (as being within the generic term of a political subdivision or taxing district of the state) to pay the amount of the special assessment out of any funds available to it for that purpose. City of Titusville v. Board of Public Instruction of Brevard County, 258 So.2d 836 (Fla. 1970).
Under the Municipal Home Rule Powers Act, Ch. 73-129, Laws of Florida, the above section of the city charter is now an ordinance. Section 166.021(5), F.S. The act grants broad home rule powers to municipalities and states in part that a municipality may enact any legislation concerning any subject matter which the state legislature has the power to enact which subject matter is not expressly preempted to state or county government by the Constitution or by general law or not expressly prohibited by the Constitution, general law, county charter, or special law. Obviously, the state legislature has the power to enact a provision requiring payment by the school board for lawfully imposed assessments for special benefits or improvements, since it did so in the Titusville Charter and was upheld in City of Titusville, supra. There is no express preemption of this subject area to state or county government nor is it expressly prohibited by the Constitution, general law, county charter, or special law. The general law, s. 235.34, F.S., does not contain either an express preemption or prohibition. Therefore, it would appear that the aforesaid city charter provision [now an ordinance by force of s. 166.021(5)] takes precedence over s. 235.34.
Please note that the Municipal Home Rule Powers Act has been held unconstitutional by a circuit court in Miami. An appeal is being taken to the Florida Supreme Court.