311 So.2d 371 (1975)
BROWARD COUNTY, Florida, et al., Appellants,
v.
JANIS DEVELOPMENT CORP. et al., Appellees.
CITY OF SUNRISE et al., Appellants,
v.
JANIS DEVELOPMENT CORP. et al., Appellees.
Nos. 73-1239, 74-306.
District Court of Appeal of Florida, Fourth District.
April 18, 1975.
*372 Edward J. Marko of Marko, Stephany & Lyons, Fort Lauderdale, for appellant Broward County.
Arthur B. Parkhurst of Parkhurst & LaHurd, Fort Lauderdale, for appellant City of Sunrise.
Donald H. Norman of Ross, Norman & Cory, Fort Lauderdale, for appellant City of Fort Lauderdale.
Robert M. Ervin of Ervin, Varn, Jacobs & Odom, Tallahassee, and Emerson Allsworth of Allsworth, Doumar & Schuler, Fort Lauderdale, for appellees.
WALDEN, Judge.
This appeal concerns the legality of a land use fee imposed by a Broward County Ordinance.[1] Broward County has non-charter *373 *374 government. See, Fla. Const. Art. VIII § 1 (f). The trial court held the ordinance was invalid. We affirm that conclusion.
Defendants-appellants are Broward County, Florida, and City of Sunrise, Florida. Plaintiffs-appellees are Janis Development Corp., Millstream Corporation, and Huac Corporation. Intervenor is City of Fort Lauderdale.
The portion of the ordinance setting the fee amount determined that units within a higher density of development imposed a greater burden on the community and should pay a greater fee. The fee imposed was to be assessed by the appropriate official at the time of application for a building permit and it was to be collected prior to the issuance of a final certificate of occupancy. The ordinance provided for a trust fund for fees collected, and designated the fees should be used "solely for the purpose of constructing or improving roads, streets, highways and bridges, including acquisitions of rights of way for *375 such facilities, serving the vicinity of the project in which the charges are collected." The ordinance provided for credit to be given to any entity that donated funds for improvements and excluded public housing from the burden of the fee.
The attack upon the ordinance consisted of charges that (1) the county did not have the authority to enact the ordinance, because the fee was a tax, and (2) that it was discriminatory and therefore unconstitutional. We do not reach the second contention as we hold the fee is an improper tax. The cases cited by appellee on this point were admitted by the appellant to be the more conservative, though not archaic, line of precedent which prohibits the raising of revenue by a regulatory fee. The only purpose for which a city might impose a fee is for offsetting the necessary expense of regulation, and the regulatory power emanates from the police power. Atkins v. Phillips, 26 Fla. 281, 8 So. 429 (1890). See Tamiami Trail Tours, Inc. v. City of Orlando, 120 So.2d 170 (Fla. 1960).
It is undisputed that the city expected some Six Million Dollars in anticipated revenue from the first year the ordinance was in effect, and it is impossible that such revenue could approximate any cost of regulation. In Bateman v. City of Winter Park, 160 Fla. 906, 37 So.2d 362 (1948), the Florida Supreme Court spoke to the difference between a tax and a fee:
"The difference between a liquor license fee and a tax may be thus stated: Where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where the fee is exacted solely for revenue purposes, and payment of such fee gives the right to carry on the business without the performance of any other conditions, it is a tax." (Emphasis added.) Id. 37 So.2d at 363.
Appellant relies solely upon the proposition that the police power invests it with the right to exact an impact fee for the good of the community to provide services for the community. It cites to Jenad, Inc. v. Scarsdale, 18 N.Y.2d 78, 271 N.Y.S.2d 955, 218 N.E.2d 673 (1966), in which a city's right to impose a Two Hundred and fifty dollar fee on a developer, in lieu of an allocation of land, was upheld. In Jenad there was an existing ordinance which required land to be set aside for parks and open spaces, the fee was in lieu of such setting aside  for the benefit of a subdivider who had a relatively small amount of land to develop. That ameliorating circumstance does not apply here, and even the legality of such required pledges is undefined in Florida. Although requiring pledges of land as a condition for subdivision approval has been upheld in some jurisdictions, see Annot. 43 A.L.R.3d 847 (1972), this district has recently stricken a like proposal. Admiral Dev. Corp. v. City of Maitland, 267 So.2d 860 (4th D.C.A. Fla. 1972).
Further, the amount of the fee in the instant case is not equitable with land allocation. For instance, under the ordinance in question the builder of a multi-family building of some thirty units (fifteen hundred square feet each), if located in a one acre multi-family development, would pay a total fee of Nineteen Thousand Three Hundred and Fifty Dollars. The fee here is simply an exaction of money to be put in trust for roads, which must be paid before developers may build. There are no other requirements. There are no specifics provided in the ordinance as to where and when these monies are to be expended for roads, apparently this was to be left for future commission determination. This fee, therefore, is an exercise of the taxing power. Haugen v. Gleason, 226 Or. 99, 359 P.2d 108 (1960).
The fee being a tax, then it is improper. Article 7, § 1 (a), Florida Constitution, (1968), provides:

*376 "(a) No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law." (Emphasis supplied.)
In City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972), the court stated that municipalities could only be granted the power to tax (except for ad valorem taxes) by general law. F.S. 125.01(1)(r) (1973) states also that counties may only levy and collect taxes as provided by general law. There is no general law on this subject permitting such fees for impact to create funds for heightened county costs and it is not otherwise contended.
Thus, holding as we do that the land use fee in question is a tax  the enactment of the ordinance is unauthorized because such land use charges are not sanctioned by general law.
The legislative findings and stated purposes found in sections 1 and 2 of the ordinance obviously reflect a real problem in Broward County.[2] We sympathize and wonder, too, if it has a solution. In that vein we notice that the Legislature of Florida adopted House Concurrent Resolution 2800 (1 Laws of Florida 1344 (1973)). It is a comprehensive and in-depth representation of the State's concern with and policy on growth. It shares much the same view as expressed by the Broward County officials and specifically deals with the matter of impact costs occasioned by population growth. It concludes that the policy guide therein provided shall be reviewed annually by the Legislature and implementation shall require legislative approval. We notice in passing that statutes of implementation have not thus far materialized. However, in view of its Resolution we are sanguine that future Sessions will produce implementation in the form of specific authorizations and criteria in the area of land use and impact costs for use by local governments. Thus, we feel that the solution necessarily must come from the Legislature in the form of legislation implementing its own Resolution. Since such general laws have not been passed, we feel it would be inappropriate for the Court to suggest what criteria they should contain. Also in its absence we could not even speculate, of course, as to what would be acceptable ordinances thereunder. We mention this only because it had been suggested that we express our views as to what terms an acceptable ordinance might contain.
The record and all arguments having been considered, we affirm the appealed judgment.
Affirmed.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] NO. 73-2
"AN ORDINANCE IMPOSING A LAND USE FEE, IN ADDITION TO ALL OTHER FEES, FOR THE ISSUANCE OF BUILDING PERMITS WITHIN BROWARD COUNTY, FLORIDA; DETERMINING THAT THE RAPID GROWTH OF BROWARD COUNTY REQUIRES THE IMPOSITION OF SUCH FEE FOR THE PURPOSE OF PROVIDING FOR ROADS, BRIDGES AND RIGHTS OF WAY IN BROWARD COUNTY; DECLARING THE PURPOSE TO BE THE LESSENING OF TRAFFIC CONGESTION WITHIN BROWARD COUNTY IN THE INTEREST OF THE PUBLIC HEALTH, SAFETY AND GENERAL WELFARE; PROVIDING FOR A FORMULA BASED UPON THE RATIO OF THE GROSS FLOOR AREA TO THE GROSS LAND AREA OF PROPOSED CONSTRUCTION TO BE USED IN DETERMINING THE AMOUNT OF SUCH FEE, AND DETERMINING SUCH FORMULA TO BE FAIR, JUST AND EQUITABLE; CREATING SEPARATE TRUST FUNDS FOR THE UNINCORPORATED AREA OF BROWARD COUNTY, AND FOR THE RESPECTIVE MUNICIPALITIES IN BROWARD COUNTY SUBJECT TO AND PARTICIPATING IN THE ORDINANCE; PROVIDING FOR THE TRUSTEES OF SUCH FUNDS, AND FOR THE APPLICATION OF THE PROCEEDS THEREOF; CONTAINING EXCEPTIONS AND PROVIDING FOR CREDITS IN CERTAIN CASES; PROVIDING FOR SEVERABILITY OF INVALID PROVISIONS; AND PROVIDING FOR AN EFFECTIVE DATE.
"BE IT ORDAINED BY THE BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY, FLORIDA:
"Section 1. Legislative Findings
"The Board of County Commissioners of Broward County finds, determines, and declares that the rapid growth and burgeoning population of Broward County and the development and occupancy of vacant lands and the expansion of existing buildings therein requires the imposition of charges, in addition to all other charges levied pursuant to law, for the purpose of providing funds for the expansion of existing County roads and bridges and other transportation facilities and the construction of additional roads and brieges, including acquisitions of rights of way for such facilities.
"Section 2. Purpose
"The purpose of this ordinance is to promote the public health, safety and general welfare of Broward County; to lessen traffic congestion on the roads, streets, and highways thereof; and to provide for construction of additional roads, streets, highways and bridges, or improvements to existing traffic facilities, in order to alleviate such congestion.
"Section 3. Application
"This ordinance shall apply throughout Broward County.
"Section 4. Land Use Fee
"The Board of County Commissioners of Broward County finds and determines that a land use fee of $200 per dwelling unit is a fair, reasonable and equitable charge to be imposed for the purpose of providing funds which, together with other available funds, such as ad valorem taxes and gas taxes, will be used to provide for construction of roads, streets, highways and bridges to serve such dwelling units; and the Board of County Commissioners further finds and determines that units of a higher intensity of development impose a greater burden upon the community and should pay a proportionately higher fee; and that units of a lesser intensity of development impose a lesser burden and should pay a proportionately lower fee. The formula hereafter set forth is derived from the land use intensity ratio shown on Figure `E,' page 9, of Land Planning Bulletin No. 7, interim edition, December, 1966, prepared by the U.S. Department of Housing and Urban Development, and is designed to accomplish the purpose of imposing a charge of $200 per unit upon developments of higher intensities, and proportionately lower charges upon developments of lower intensities of land use.
"In addition to all other fees and charges imposed by law for the issuance of building permits, there is hereby levied and imposed a land use fee to be determined by the ratio of the gross floor area to the gross land area of the proposed construction. Said land use fee shall be determined by the application of the following formula:
"Assessment per sq. ft. = $.1666 Gross Floor Area sq.ft. ÷ 0.4
of Gross Floor Area Gross Land Area st. ft.
Said formula is hereby determined to be a fair, just and equitable method for determination of the apportionment of the costs of providing adequate transportation facilities to serve the property being developed or improved. The charge herein imposed shall be assessed by the appropriate official of Broward County, or the municipality, as the case may be, at the time a building permit is applied for, whether for new construction or for additions to existing construction; provided, however, that in case of an addition to existing construction, the formula shall be applied only to the floor area of the addition. All charges imposed pursuant to this formula shall be payable and shall be collected by the appropriate official prior to issuance of any final certificate of occupancy for the construction affected hereby.
"As used in this ordinance, `gross floor area' shall mean the total gross area within the external perimeter of the exterior enclosing walls, including Florida rooms, sun rooms and utility rooms which are fully enclosed and directly accessible from the interior of the dwelling, but excluding other utility rooms, unenclosed porches, terraces or breezeways, and carports or garages. As applied to trailer and recreational vehicle parks, the `gross floor area' shall mean the square foot area of each trailer pad or camp site, as the case may be, together with the gross floor area of any buildings or structures located in such parks. `Gross land area' shall include all area within the perimeter of the boundary lines of the property in question, together with such property's proportionate share of any land zoned for recreational use, or which is dedicated to the public for parks, recreational uses, rights of way, or other public uses, and is included in the plat or site plan in which the property in question is located. In the event the property in question is located within a replat of a portion of a former plat, such property shall be entitled to its proportionate share of any recreational and public lands shown on the former plat.
"Section 5. Application of Fees
"The fees and charges collected pursuant to this ordinance shall be used solely for the purpose of constructing or improving roads, streets, highways and bridges, including acquisitions of rights of way for such facilities, serving the vicinity of the project in which the charges are collected. All such charges shall be paid into the appropriate trust fund hereinafter created.
"Section 6. Trust Funds
"There is hereby created and established a separate and distinct trust fund for the unincorporated area of Broward County and for each municipality within Broward County subject to and participating in this ordinance.
"(a) All funds collected pursuant to this ordinance within the unincorporated area of Broward County shall be deposited in the trust fund hereby created for such unincorporated area, and shall be used solely for the purposes above set forth within the unincorporated area of Broward County. The funds may be used in areas located in close proximity to the unincorporated area in conjunction with a municipality or municipalities if the Board of County Commissioners determines that the improvement is of direct benefit to the unincorporated area. The Board of County Commissioners of Broward County shall constitute the trustees of such trust fund and shall have sole and exclusive jurisdiction to determine application of the proceeds thereof.
"(b) All funds collected within any municipality of Broward County pursuant to this ordinance shall be deposited in the trust fund herein created for such municipality, and the trustees of such trust fund shall consist of the members of the governing body of such municipality and the members of the Board of County Commissioners of Broward County. The funds shall be deposited in an interest-bearing account at an institution to be determined by the governing body of the municipality. Funds shall be withdrawn from the account on the joint signatures of the presiding officer of the County Commissioners and the municipality. The funds shall be used solely for the purposes above set forth within the respective municipality. The funds may be used in areas located in close proximity to the respective municipality in another municipality or in the unincorporated area, if the governing body of the municipality determines that the improvement is of direct benefit to the respective municipality. The governing body of each municipality shall meet twice a year on the second Monday in January and the second Monday in June, for the purpose of designating the use to be made, if any, of the funds collected. Special meetings may be called by the presiding officer of the governing body of each municipality. Determinations made by the municipality shall then be sent to the County Commission for their consideration, which will be given within thirty (30) days. Upon approval by the County Commission, the municipality may proceed with the improvement. Upon disapproval by the County Commission, the proposal will then be considered by the governing body of the municipality and the decision of the County Commission may be over-ridden only by a unanimous vote of the governing body of the municipality.
"Section 7. Exclusions
"This ordinance shall not apply to public housing operated by any governmental authority, publicly owned governmental buildings, and public utilities.
"Section 8. Credits
"In the event any person, firm or corporation has donated funds to Broward County or any municipality therein to be used for the purpose of providing improvements contemplated by this ordinance, such person, firm or corporation shall be given a credit against the charges imposed by this ordinance to the extent of the funds so donated.
"Section 9. Severability
"If any clause, section, or other part of this ordinance shall be held by any court of competent jurisdiction to be unconstitutional or invalid, such unconstitutional or invalid part shall be considered as eliminated and in no wise affecting the validity of the other provisions of this ordinance.
"Section 10. Effective Date
"This ordinance shall take effect on June 15, 1973, and continue in effect thereafter for so long as the Board of County Commissioners of Broward County shall levy a road and bridge tax on all taxable property in Broward County of not less than one (1) mill, commencing with the fiscal year beginning October 1, 1973.
"ENACTED this 7th day of May, A.D. 1973."
[2] For a general discussion as to problems occasioned by population growth in Florida, see Jurgensmeyer and Gragg, Limiting Population Growth, 25 U.Fla.L.Rev. 758 (1974).