313 So.2d 92 (1975)
CITY OF CORAL GABLES, a Municipal Corporation of the State of Florida, Appellant,
v.
BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, a Body Corporate and Politic under the Laws of the State of Florida, et al., Appellees.
No. 74-1006.
District Court of Appeal of Florida, Third District.
May 13, 1975.
Rehearing Denied June 10, 1975.
*93 Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., for appellant.
Frank A. Howard, Jr., and Thomas G. Spicer, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
The City of Coral Gables (hereinafter City or Coral Gables) appeals an order dismissing *94 its amended complaint in mandamus with prejudice.
The City filed a complaint against the Board of Public Instruction of Dade County (hereinafter the School Board) seeking to compel the latter to appropriate funds to pay for various street, sidewalk and sewer improvements which the City has provided for the benefit of the School Board.
Special assessments liens were filed by the City against the School Board's property in question; however, the City is constitutionally prohibited from satisfying the said liens by foreclosure against the school property. See, Blake v. City of Tampa, 1934, 115 Fla. 348, 156 So. 97.
In its amended complaint, however, the City alleged that the School Board in equity and good conscience should be required to pay a just debt owed to the City for the beneficial improvements to the school property.
The City bases its complaint in mandamus primarily upon the concurrence of two statutes. First, the City relies upon Fla. Stat. § 235.34, F.S.A.[1] enacted since the holding in Blake v. City of Tampa, supra, and as a result of that holding. Miami v. Board of Public Instruction of Dade County, Fla. 1954, 72 So.2d 901.
This statute, as it has been construed by the Florida Supreme Court, authorizes the School Board in its discretion to pay for improvements such as those installed by Coral Gables in the instant case if the Board has not given its prior approval and consent to the improvements. See, Board of Public Instruction of Duval County v. City of Jacksonville, Fla. 1956, 86 So.2d 887.
In its complaint and on appeal in this case, the City argues that the duty, which is otherwise discretionary, is made mandatory by Chapter 13972, Section 77, Special Acts of 1929, Laws of Florida,[2] which is applicable to Coral Gables and which the Florida Legislature re-enacted in 1949 pursuant to Chapter 25742. See, City of Titusville v. Board of Public Instruction of Brevard County, Fla.App. 1970, 258 So.2d 836.
Two issues are presented in this case. The first is whether or not a writ of mandamus is the proper remedy under the circumstances of the cause sub judice.
The second is whether or not Chapter 13972 together with Section 235.34 affords to Coral Gables a present remedy to collect its special assessments against the School Board.
*95 With respect to the first issue, we agree with the School Board that mandamus, strictly speaking, is not the proper manner for Coral Gables to seek relief in this case.
Mandamus will lie to compel performance by a public body of acts only which are ministerial in nature. State ex rel. Eldredge v. Evans, Fla.App. 1958, 102 So.2d 403; Moneyhun v. Purdy, Fla.App. 1972, 258 So.2d 505.
Here, Section 235.34 permits the School Board to employ its discretion in determining whether or not to give its prior consent and approval to special improvements.
Nevertheless, for reasons which will be outlined under point two raised by the City, we do believe that Coral Gables has a clear legal right to be paid for the assessments made against the School Board, and the City should have access to the court to enforce its right. Fla. Const., art. 1, § 21, F.S.A.
It is also our view that by enacting Section 235.34 the Legislature did not grant school boards the right to exercise unbridled discretion to withhold payment for special improvements to school property, where payment is otherwise required legally.
Therefore, we conclude that the trial court correctly dismissed the City's complaint in mandamus. But, for reasons to follow, we also have determined that the City may amend its complaint to state a cause of action for the funds which are due and owing from the School Board for the special assessments.
The gist of the School Board's position before this court is that it never gave prior consent or approval to the installation of the improvements to its property which the City made, and therefore it is not liable for the assessments which the City has levied.
The Board concedes that the assessments are valid liens in rem against the school property, but it contends that the City is limited to a remedy in futuro, should the property ever be abandoned for school purposes and sold.
It is true that a special assessment for improvements to private property generally is a charge against the specific land benefited, and is not satisfied by an in personam action against the owner. Marshall v. C.S. Young Const. Co., 1927, 94 Fla. 11, 113 So. 565.
This court has also recognized that a special assessment lien may constitute a right without a remedy in praesenti. Board of Public Inst. v. Little River Val. Drain. Dist., Fla.App. 1960, 119 So.2d 323.
However, under the circumstances of the cause sub judice, we think that Coral Gables has a present remedy to recover from the School Board, and should be entitled to amend its complaint.
The special law applicable to the City, Chapter 13972, provides that any school district may be subject to the same duties and liabilities with respect to the assessments as any private owner would be.
Further, the law provides that the school district "shall be subject to liens for said assessments" in the same manner as if the property were privately owned.
Normally, the City would be in a position to proceed against private property in a suit for foreclosure in order to satisfy its lien.
But, here the City cannot constitutionally foreclose against school property. See, Blake v. City of Tampa, supra. Nevertheless, we hold that Chapter 13972 provides the City with a remedy against the School Board when that statute is construed together with Section 235.34.
As a rule of statutory construction, a law should be construed together with and in harmony with any other statute relating to the same subject matter or having the same purpose, even though the statutes *96 were not enacted at the same time. Mann v. Goodyear Tire and Rubber Company, Fla. 1974, 300 So.2d 666; Garner v. Ward, Fla. 1971, 251 So.2d 252.
In City of Kalispell v. School Dist. No. 5, 45 Mont. 221, 122 P. 742 (1912), the Supreme Court of Montana made the following statement which we believe is pertinent to the circumstances of this case:
"[4] The mere fact that the statute under which these special assessments are made provides that the assessment shall be a lien upon the property is not a valid objection to the assessment. The state may, if it so elects, permit a lien to be imposed upon property devoted exclusively to public use; but the validity of the assessment does not depend upon the means by which the payment is to be enforced, and if the assessment is valid, and the proceeding by foreclosure of the lien is not available, because of the character of the property, the right will not fail because of failure of a specific remedy, but the courts will invoke any appropriate remedy to meet the exigencies of the particular case.
* * * * * *
"We hold that these improvements are specially beneficial to the school property  in fact, considering the surrounding circumstances, they might well be held to be absolute necessities; that good faith, fair dealing, and justice require that the school district should pay for the benefits which its property receives, and not impose its burdens upon the other property owners who happen to be within these particular improvement districts... ."
[See also, Chicago use of Schools v. Chicago, 207 Ill. 37, 69 N.E. 580 (1903).]
Under the circumstances of this case, it is felt that the trial judge will have adequate authority to fashion an equitable remedy so as to insure that Coral Gables receives payment for the special assessments while at the same time insuring that the School Board does not unreasonably exercise its discretion in such a manner as to withhold payment.
For the reasons stated in this decision and upon the authorities cited and discussed, the order of dismissal appealed is affirmed; however, the order is modified to read "without prejudice to the City of Coral Gables to re-file an amended complaint." The cause is remanded to the trial court for further proceedings consistent with the view expressed herein.
Affirmed as modified.
CHARLES CARROLL, Associate Judge (concurring in part and dissenting in part).
I concur in the judgment, and concur in the opinion except I do not feel that under the applicable statutes the school board has discretion to withhold payment for the "lawfully imposed" sidewalk improvement. Where payment for the improvement is authorized by law, the school board should pay for it.
By a special act, quoted in footnote No. 2 of this court's opinion, the duties and liabilities of the board in respect of such an assessment for an improvement are the same "that private owners of real estate possess, or are subject to".
Section 235.34 Fla. Stat., F.S.A. authorizes a school board to expend funds for payment of such an improvement, and further states: "Payment by a school board for any improvement set forth in this section [which included `sidewalks adjacent to or running through the property of any public school'] shall be authorized in any amounts agreed to by the school board". Elsewhere it has been recognized that sidewalks adjacent to a public school property are beneficial in the operation of a school, for reasons of convenience and safety.
Therefore, when such a beneficial improvement has been supplied by a municipality, even though the school board, because it did not consent to the improvement and its costs before it was made, is *97 not mandatorily required to pay the costs thereof as fixed by the municipality (in the amount for which an assessment lien may have been imposed), nevertheless, according to the statute, payment therefor shall be authorized by the school board to be made for such improvement, "in any amounts agreed to by the school board".
That being so, it would appear to be inequitable for the school board, thus acquiring and enjoying the use of such a beneficial improvement, to fail and refuse to determine by agreement the amount to be paid therefor and to pay the same. The municipality should not be held to be without a remedy to obtain payment for the supplied sidewalk improvement in view of the authority granted to the school board to pay for it. Section 21 of the Declaration of Rights in the Florida Constitution so indicates.
NOTES
[1] The statute provides:

"235.34 Expenditures authorized
"School boards, boards of county commissioners, municipal boards, and other agencies and boards of the state are authorized to expend funds, separately or collectively, by contract or agreement, for the placement, paving, or maintaining of any road, byway, or sidewalk adjacent to or running through the property of any public school. Expenditures may also be made for sanitary improvements and for the installation, operation and maintenance of traffic control and safety devices upon or in the vicinity of any existing or proposed public school site. The boards of county commissioners, municipal boards, and other agencies and boards of the state may plant or maintain trees, flowers, shrubbery, and beautifying plants upon the school grounds of any public school upon approval of the superintendent or his designee. Payment by a school board for any improvement set forth in this section shall be authorized in any amounts agreed to by the school board. Any payments so authorized to be made by a school board shall not be mandatory unless the specific improvement and its costs have been agreed to by the school board prior to the improvement's being made."
[2] Chapter 13972 provides as follows:

"Dade County, and any school district, or other political subdivision, wholly or partly within said City, shall possess the same power and be subject to the same duties and liabilities in respect of said assessments affecting their real estate that private owners of real estate possess, or are subject to hereunder, and such real estate of said county, school districts and political subdivisions shall be subject to liens for said assessments and in all cases where the same property would be subject had it at the time the lien attaches been owned by a private owner."