QUESTIONS: 1. Is the Osceola County School District liable for the payment of "impact fees" for the construction of municipal water and sewer facilities? 2. If the answer to the above question is in the affirmative, from what funds may this liability be paid and by what specific legal authority; is the school district legally authorized to borrow funds for the purpose of making this payment?
SUMMARY: An "impact fee" or user charge established by city ordinance imposed on a school board for the privilege of connecting to a city's water and sewer system is not a tax or special assessment but a user charge imposed by the city for the privilege of connecting to the city's water and sewer system for which the school board is liable the same as it is for other utility fees and charges of publicly or privately owned utilities. The purpose of s. 235.34, F. S., is to regulate the levying of assessments for special benefits on school districts and for the directing of payment of said assessments, and thus it has no application to the imposition of "impact fees" or user charges against the school board and, as such, affords the school board no protection from the liability for payment of the "impact fee" or user charge imposed by city ordinance for the privilege of connecting to the city's water and sewer system. The payment of such liability by the school board would be from operating expenses as are other utility charges and not from capital outlay. Section 237.151, F. S., authorizes the school board to borrow money for the purpose of paying any and all lawful operating expenses in the manner and on the terms and conditions therein prescribed. These questions were predicated upon the facts set forth in your request as well as Ordinance No. 692, which the city adopted on August 2, 1973, imposing a water and sewer "impact fee." Your first question in answered in the affirmative for the reason stated herein. The issue that must be first resolved is: What is this so-called "impact fee" imposed for the privilege of connecting to the city's water and sewer system by Ordinance No. 692? If this "impact fee" is a special assessment, then the provisions of s. 235.34, F. S., would be applicable and would govern the liability of the school district. (See Board of Public Instruction of Duval County v. City of Jacksonville, 86 So.2d 887
(Fla. 1956); City of Titusville v. Board of Public Instruction of Brevard County, 258 So.2d 836 (4 D.C.A. Fla., 1970); City of Coral Gables v. Board of Public Instruction of Dade County, 313 So.2d 92 (3 D.C.A. Fla., 1975); Ch. 75-258, Laws of Florida.) Likewise, if this "impact fee" is deemed to be a tax, the liability of the school district would depend on the tax's initial validity and would then be governed by whether the city could tax the school district for the particular purpose. See Broward County v. Janis Development,311 So.2d 371 (4 D.C.A. Fla., 1975); Fred O. Dickinson, Jr., et al. v. City of Tallahassee, etc., 325 So.2d 1 (Fla. 1975). However, if this "impact fee" was deemed to be a user charge (see, e.g., s.166.201, F. S.) or payment for services furnished, s. 235.34, F. S., would not be applicable to the question of liability of the school district for the "impact fee," and the school district would be liable for the same as it is for any other sewer and water utility charges by publicly or privately owned and operated utilities. Cf. AGO 070-56, concluding that a franchise fee imposed by a city on a telephone company by ordinance and separately stated on statements to consumers as an increase in telephone service charges was required to be paid by agencies of the state. These questions concerning the so-called "impact fee" have been decided in a case of first impression in Florida involving an "impact fee" imposed in connection with sewer and water services pursuant to an ordinance substantially the same as the ordinance adopted by the City of Kissimmee. In the case of City of Dunedin v. Contractors and Builders Association of Pinellas County,312 So.2d 763 (2 D.C.A. Fla., 1975), the court held that the so-called "impact fee" did not constitute "taxes" but was a charge for using the utility services under Ch. 180, F. S. In the Dunedin case, the City of Dunedin passed certain ordinances, quite similar to the ones passed by the City of Kissimmee, which imposed a fee of $325 for each water connection and $375 for each sewer connection to defray the cost of production, distribution, transmission, and treatment facilities for water and sewer provided at the expense of the city. These fees were in addition to charges imposed for the cost of physically connecting into the system. The court answered the question of whether or not the so-called "impact fee" imposed by the ordinance was either tax or special assessment, stating: The imposition of fees for the use of a municipal utility system is not an exercise of the taxing power nor is it the levy of a special assessment. State v. City of Miami, 1946, 157 Fla. 726, 27 So.2d 118. In our view, connection fees such as those involved in this case do not constitute a tax but a charge which may be made for the use of the utility service pursuant to the authority of its charter and Fla.Stat. s. 180.13 (1971), providing they meet the criteria hereafter set forth. [312 So.2d 763, 766, supra.] The criteria set forth by the court were that: . . . where the growth patterns are such that an existing water or sewer system will have to be expanded in the near future, a municipality may properly charge for the privilege of connecting to the system a fee which is in excess of the physical cost of connection, if this fee does not exceed a proportionate part of the amount reasonably necessary to finance the expansion and is earmarked for that purpose. [312 So.2d 763, 766, supra; emphasis supplied.] and the court found that the criteria had been met. However, the case was appealed to the Florida Supreme Court and a decision rendered in the case of Contractors and Builders Association of Pinellas County v. City of Dunedin, reh. den., 329 So.2d 314 (Fla. 1976), in which the Second District Court's decision was reversed on other grounds. The Supreme Court rejected the contention that the so-called "impact fees" constituted taxes and held that they were user charges analogous to fees collected by privately owned utilities for services rendered. However, the court did reverse the decision of the Second District Court on the grounds that the ordinance omitted provisions the court felt were crucial to its validity stating, at pp. 321 and 322, that: The failure to include necessary restrictions on the use of the fund is bound to result in confusion, at best. City personnel may come and go before the fund is exhausted, yet there is nothing in writing to guide their use of these moneys, although certain uses, even within the water and sewer systems, would undercut the legal basis for the fund's existence. There is no justification for such casual handling of public moneys, and we therefore hold that the ordinance is defective for failure to spell out necessary restrictions on the use of fees it authorizes to be collected. Nothing we decide, however prevents Dunedin from adopting another sewer connection charge ordinance, incorporating appropriate restrictions on use of the revenues it produces. Dunedin is at liberty, moreover, to adopt an ordinance restricting the use of moneys already collected. We pretermit any discussion of refunds for that reason. If the ordinance in the present case had so restricted use of the fees which it required to be collected, there would be little question as to its validity. We conclude that the ordinance in the present case cannot stand as it is written. (Emphasis supplied.) Thus, in view of the above decisions, there is little doubt that the fee imposed by Ordinance 692 is not a tax or a special assessment but is a valid imposition of an "impact fee" or user charge for the privilege of connecting to the city's water and sewer system pursuant to Ch. 180, F. S. (or pursuant to the city charter or the Municipal Home Rule Powers Act, Ch. 166, F. S.). It is important at this point to state that whether or not the instant ordinance suffers from the same infirmities that were present in the City of Dunedin ordinance is a question for a court of competent jurisdiction to decide and will not be dealt with in this opinion. A regularly enacted municipal ordinance is presumed to be valid until the contrary is shown by a party challenging it. State v. Ehinger, 46 So.2d 601 (Fla. 1950); Seaboard Air Line Railroad Company v. Hawes, 269 So.2d 392 (4 D.C.A. Fla., 1972). There remains the issue of whether s. 235.34, F. S., shields the School Board from the payment of the so-called "impact fee" or user charge for the privilege of connecting to the city's water and sewer system. Section 235.34, F. S. 1973, provided that: School boards, boards of county commissioners, municipal boards, and other agencies and boards of the state are authorized to expend funds, separately or collectively, by contract or agreement, for the placement, paving, or maintaining of any road, byway, or sidewalk adjacent to or running through the property of any public school. Expenditures may also be made for sanitary improvements and for the installation, operation and maintenance of traffic control and safety devices upon or in the vicinty [sic] of any existing or proposed public school site. The boards of county commissioners, municipal boards, and other agencies and boards of the state may plant or maintain trees, flowers, shrubbery, and beautifying plants upon the school grounds of any public school upon approval of the superintendent or his designee. Payment by a school board for any improvement set forth in this section shall be authorized in any amounts agreed to by the school board. Any payments so authorized to be made by a school board shall not be mandatory unless the specific improvement and its costs have been agreed to by the school board prior to the improvement's being made. The purpose of this section was set forth in the case of City of Titusville v. Board of Public Instruction, supra, wherein the court stated: In 1953 the legislature of this state, by Chapter 28266, Laws of Florida, 1953, expressly authorized county boards of public instruction to expend public funds for the purpose of discharging lawfully imposed encumbrances upon school properties for special assessments for sanitary improvement, this being carried in the statutes as F.S. Section 235.34, F.S.A. The purpose of this legislation was discussed by the Supreme Court of Florida in Miami v. Board of Public Instruction of Dade County, Fla. 1954,72 So.2d 901, at 903 in the following language: "As we read [Chapter 28266], it was undoubtedly enacted by the legislature to meet the views expressed by this Court in Blake v. City of Tampa, 115 Fla. 348,156 So. 97, 100, wherein it was held, in respect to the payment of assessment liens against school property: `. . . it is not within the constitutional power of the Legislature to provide for the enforcement of any such special or local assessment lien by execution, levy, or decretal sale on foreclosure to satisfy said lien, even though duly imposed, because to do so would tend to destroy the constitutional trust upon which all school property is owned and held, and is required by the Constitution to be employed. . . . [however] the authority given under the Constitution to a school district to purchase, own, hold, and use real property for school purposes, and to expend special tax school district funds thereon, is subject to legislative direction and control within the scope of the special constitutional school purposes, and that the Legislature by a specific enactment so providing, may authorize and direct the expenditure of a part of the public school funds for the purpose of paying off and discharging lawfully imposed encumbrances upon school properties, imposed thereon by reason of special or local assessments . . . when not in excess of the benefits . . . thereon as determined pursuant to law . . . .' (Emphasis supplied.)" [258 So.2d 836,837, 838, supra.] See Board of Public Inst. v. Little River Val. Drain. Dist., 119 So.2d 323 (3 D.C.A. Fla., 1960); City of Coral Gables v. Board of Public Inst., supra; AGO 074-24; also see s. 1, Ch. 75-258, Laws of Florida, amending s. 235.34, F. S., and adding subsection (2) thereto providing that s. 235.34, as amended, shall regulate the levying of assessments for special benefits on school districts and the directing of the payment thereof. In view of the above, it is my opinion that the purpose of s. 235.34, F. S., is to regulate the levying of assessments for special benefits on school districts and for the directing of the payment of said assessments and has no application to the imposition of the "impact fee" or user charge against the school board and would not shield the school board from the payment of the "impact fee" or user charge for the privilege of connecting to the city's water and sewer system. The resolution of your first question in the affirmative necessitates answering the second question contained in your request. In that question you raised the issue, if the school board is liable for the "impact fee" or user charge, from what source of funds may the payment of that liability be paid, by what specific legal authority may the payment be made, and is the school board authorized to borrow funds for payment of such fees or charges. The answer to this question is somewhat limited since no copy of the budget or restrictions on the use of the funds was provided with the initial request. However, in view of the nature of the "impact fee" or user charge, being no more than a user charge for the privilege of connecting to the city's water and sewer system, it is presumed that the user charge would be paid as a normal operating expense, such as other utility charges, and not out of capital outlay. As to the authority to borrow moneys with which to pay such operating expenses, s. 237.151, F. S., appears to authorize the school board to borrow money for the purpose of paying any and all lawful expenses incurred in operating the district schools, in the manner and on the terms and conditions therein prescribed.