Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. What is the proper procedure to be followed for the disposal by public sale of surplus tangible personal property of state universities?
2. What is the proper disposition of the proceeds derived from said sales?
SUMMARY:
The proper procedure for disposal of surplus tangible personal property of state universities is for certification and transfer of such property to the Division of Surplus Property in accordance with Ch. 273, F. S., and the rules and regulations of that division. The money received by the division from the disposition of such property is to be deposited into the State Surplus Property Working Capital Trust Fund.
Chapter 67-231, Laws of Florida, created the Board of Regents and granted to it the power, inter alia, `to make purchases of real and personal property and to contract for the sale and disposal of the same.' This provision is codified at s. 240.042, F. S.
Chapter 273, F. S., concerns state-owned tangible personal property. The chapter governs `property' (defined by s. 273.01(2), F. S., to mean `all tangible personal property owned by the state') which is under the supervision or control of a `custodian' (defined by s. 273.01(1), F. S., to mean `any elected or appointed state officer, board, commission, or authority, and any other person or agency entitled to lawful custody of property owned by the state').
Chapter 73-233, Laws of Florida, amended Ch. 273, F. S., to provide a scheme by which property held by a custodian could be exchanged with the seller of property to be acquired by the custodian or could be classified as surplus and disposed of by the Division of Surplus Property of the Department of General Services. This statutory scheme, codified at ss. 273.04-273.055, F. S., remains unchanged. The statute provides in pertinent part:
 273.04 Property acquisition. — Whenever acquiring property the custodian may pay the purchase price in full or may exchange property with the seller as a trade-in after first offering such exchange property for sale to the Division of Surplus Property. The Division of Surplus Property may purchase the exchange property for the amount of trade-in allowance offered by the seller. The receipts from such sales are hereby appropriated and may be applied to the cost of the property acquisition. The division may authorize the custodian to exchange property with the seller as a trade-in and apply the exchange allowance to the cost of the property acquired. If whenever acquiring property, the custodian may best serve the interests of the state by outright sale of property rather than by exchange as a trade-in, he may make the sale in the manner prescribed in this act for the disposal of surplus property, and the receipts from the sale are hereby appropriated and may be applied to the cost of the property acquired, except that the value of the property sold must not exceed the approximate value of the property acquired, and the property to be acquired shall be contracted for within the same biennium in which the property sold is disposed of.
 273.05 Surplus property. — The custodian shall have discretion to classify as surplus any property in this custody that is obsolete or the continued use of which is uneconomical or inefficient or which serves no useful function as to any activity or location under this supervision. The fact that property is surplus shall be certified to the Surplus Property Division of the Department of General Services, together with information indicating the value and condition of the property.
273.055 Disposition of state-owned tangible personal property. —
 (1) The Division of Surplus Property of the Department of General Services shall have all right, title, interest, and equity in all state-owned tangible personal property certified and transferred to it as surplus. The division shall promulgate administrative rules and regulations pursuant to chapter 120 providing for, but not limited to, the assessment of fees for services rendered and the classification, certification, transfer, warehousing, bidding, destruction, scrapping, or other disposal of state-owned tangible personal property. However, the approval of the Department of Administration shall be required prior to the disposal of property the estimated value of which is $5,000 or more.
 (2) All moneys received by the division from the disposition of state-owned tangible personal property shall be deposited into the State Surplus Property Working Capital Trust Fund, which is hereby created, and may be disbursed for the acquisition of exchange and surplus property and for all necessary operating expenditures.
It can be seen that a custodian of property is authorized to exchange property with a seller for property he is acquiring after first offering such exchange property to the division. The division may purchase it for the amount of the trade-in allowance offered by the seller and receipts from such sale may be applied to the cost of acquiring the new property. If the best interest of the state would be served thereby and certain conditions are met, the custodian may make an outright sale of the property rather than exchange it as a trade-in and apply the receipts to the cost of new property. Pursuant to ss. 273.05 and 273.055, a custodian may classify as surplus any property in his custody that is obsolete or of no further use to the activity or location under his supervision and certify such fact to the division. All property so certified and transferred to the division becomes the property of the division, which is directed by statute to promulgate rules and regulations providing for classification, certification, transfer, and disposal of such property. See Rules and Regulations of the Division of Surplus Property at Chapter 13F-1, F.A.C. Pursuant to s. 273.055, moneys received by the division from the disposition of state-owned property are deposited into the State Surplus Property Working Capital Trust Fund, and may be disbursed for the acquisition of exchange and surplus property and for operating expenses of the division in carrying out these functions.
It appears that the crux of your question concerns whether the provision of s. 240.042, F. S., authorizing the Board of Regents to purchase and contract for the sale or disposal of property, exempts the Board of Regents and the state universities from the provisions of later enacted Ch. 273, F. S., and the rules and regulations promulgated thereunder (at Ch. 13F-1, F.A.C.).
I note that Ch. 273, F. S., by its terms, applies to all
state-owned tangible personal property in the custody of any state board, officer, commission, authority, person or agency entitled to lawful custody thereof. Chapter 273 contains no exceptions to this comprehensive language. Accordingly, it appears that the Board of Regents and the state universities, as state agencies, are `custodians' of property under Ch. 273, F. S., and are, therefore, bound by the provisions thereof. Section 240.042, F. S., does not compel a contrary result. Statutes which speak to the same subject matter (here, the disposal of surplus property) should be read in pari materia so that effect is given to provisions of both if they can reasonably be construed together and in harmony with one another. Mann v. Goodyear Tire and Rubber Co., 300 So.2d 666 (Fla. 1974); City of Coral Gables v. Board of Public Instruction of Dade Co., 313 So.2d 92 (3 D.C.A. Fla., 1975). The two statutes of concern here can be reasonably read together to give effect to them both. Department of Education Rule 6C-9.02, adopted pursuant to s. 240.042, F. S., and concerning disposal of surplus property does precisely this. The rule states:
 6C-9.02 Surplus Property. Upon the recommendation of the Chancellor and approval by the Board, obsolete, outmoded, or unneeded material of any institution may be disposed of by transfer, without cost, to other institutions or agencies, or by public sale, through bid or auction subject to the provisions of Sections 273.04, 273.05 and 273.055, Florida Statutes.
Hence, consistent with the rules of statutory construction as set forth above, the Board of Regents and the state universities are required by the Department of Education rule to exercise their authority over surplus property in conformity with the provisions of Ch. 273. Perhaps it should also be pointed out parethetically that, insofar as ss. 273.04-273.055 and s. 240.042(1), F. S., could be read to be in conflict, the later-enacted statute will modify the earlier statute to the extent that consistent interpretation is not reasonably possible. Miami Water Works Local No. 654 v. City of Miami, 26 So.2d 194 (Fla. 1946). Florida courts have consistently held that the later expression of legislative intent is the law when two irreconcilable statutes are involved. Johnson v. State, 27 So.2d 276 (Fla. 1946), City of Jacksonville Beach v. Albury, 295 So.2d 247 (Fla. 1974). Accordingly, to the extent that s. 240.042(1) can be read to give the Board of Regents or the state universities authority to control disposal of state surplus property in any way other than Ch. 273 prescribes, it is impliedly modified by the later-enacted statute.
In response to your first question, it is the opinion of this office that the proper procedure to be followed for the disposal of surplus tangible personal property of state universities is for certification and transfer of such property to the Division of Surplus Property in accordance with Ch. 273 and the rules and regulations promulgated thereunder (Ch. 13F-1, F.A.C.). Your second question is also answered by Ch. 273, which requires that proceeds received by the division from the disposition of state-owned property shall be deposited into the State Surplus Property Working Capital Trust Fund.
Prepared by: Frank A. Vickory, Assistant Attorney General