Mr. Tom Gardner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32399
Dear Mr. Gardner:
You ask substantially the following question:
Is state-owned land subject to special assessment and lien by local government when no interest or penalties are imposed while the land is stateowned, provided that once the property is subsequently transferred, such assessments and lien will be enforced against the subsequent private purchaser?
In sum, I am of the opinion that:
State-owned lands are subject to special assessment by local government only when such liability is clearly provided by statute. Therefore, in the absence of a statute expressly so providing, stateowned land is not subject to such assessment and lien even though the assessment and lien are not enforced until the property is subsequently transferred to a private purchaser.
The state is not considered to be within the purview of a statute, however general and comprehensive, unless an intent to include the state is clearly manifest from such statute.[1] While it is recognized that state-owned lands may be subject to special assessments if so provided by legislation,[2] the legislative intent to impose such liability on state-owned lands must be clear.[3]
Thus, this office determined in AGO 90-47 that s. 403.0893(1), F.S., which merely authorizes counties and municipalities to impose stormwater utility fees, did not expressly or by necessary implication authorize such governmental units to levy a storm-water utility fee as a special assessment on state-owned lands. This office could not, therefore, conclude that state lands were subject to such a fee in the absence of a clear declaration by the Legislature.
Similarly, s. 170.01, F.S., merely authorizes a municipality to levy and collect special assessments for municipal improvements.[4] The statute, however, does not expressly impose such liability on state-owned lands. In the absence of a clear expression of legislative intent in s. 170.01, F.S., to impose such liability on state-owned lands, I cannot conclude that such lands are subject to a special assessment and lien imposed thereunder.[5]
Nor am I am aware of any provision which would cure a municipality's lack of authority to impose special assessments on state-owned land in the absence of express statutory authority, by merely delaying enforcement of the assessment and lien until the property is transferred to a private purchaser.[6] The fact that the municipality would proceed against a subsequent private purchaser, rather than the state, does not alter the fact that the special assessment was made on state-owned property. Moreover, the state might well bear the burden of such assessment by, for example, receiving a reduced purchase price for the property.[7]
I am, therefore, of the opinion that state-owned lands are subject to special assessment by local government only when such liability is clearly expressed by statute. Thus, in the absence of a statute expressly so providing, state-owned land is not subject to such assessment and lien even though interest and penalties for such assessment are not enforced until the property is subsequently transferred to a private purchaser.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 69-104, concluding that the state was not liable for special assessments imposed by a special water district for waterwork improvements under a special act which did not specifically include the state, and authorities cited therein.
[2] See, Martin v. Dade Muck Land Co., 116 So. 449 (Fla. 1928), appeal dismissed, 278 U.S. 560 (1928); 48 Fla.Jur.2d Special Assessments s. 31; AGO 84-57.
[3] See, Edwards v. City of Ocala, 50 So. 421 (Fla. 1909); Blake v. City of Tampa, 156 So. 97 (Fla. 1934) (public property will not be deemed to be subject to special assessment unless by special enactment or necessary implication); AGO 90-47.
[4] And see, s. 170.09, F.S., providing for the priority of the lien and for the imposition of interest and method of payment.
[5] And see, s. 253.03(5), F.S., stating:
It is the specific intent of the Legislature that this act repeal any provision of state law which may require the Board of Trustees of the Internal Improvement Trust Fund to pay taxes and assessments of any kind to any state or local public agency on lands which are transferred or conveyed to the Board of Trustees of the Internal Improvement Trust Fund under the terms of this act and which at the time of the passage of this act are entitled to tax-exempt status under the constitution or laws of this state.
See, AGO 84-57 stating that the above statutory provision applies to lands which were transferred or conveyed to the board of trustees pursuant to Ch. 67-2236, Laws of Florida, and which were entitled to tax-exempt status at the time Ch. 67-2236 was enacted and exempts such lands from special assessments as well as ad valorem taxes. However, since I am of the opinion that s. 170.01, F.S., does not grant municipalities the authority to levy special assessments upon state-owned lands, the distinction between lands transferred to the board of trustees pursuant to Ch. 67-2236 and those lands title to which was vested in the board prior to the enactment of Ch. 67-2236 does not have any impact on this lack of authority.
[6] A different question, however, would be presented if the special assessment was validly imposed upon state-owned lands pursuant to a duly enacted statute expressly providing for the liability of state-owned lands for such assessments. As noted by the court in Blake v. City of Tampa, supra at 99-100, the lien for a special assessment is an incumbrance against the property and the estate of the person in possession is of no consideration. The Blake court recognized, however, that in order to assess public property in the first instance, there must be a statute expressly authorizing the imposition of special assessments against public property. Moreover, even when imposition of the assessment against public property is authorized by statute, such property used for public or govern-mental purposes is not subject to execution. Id.; City of Coral Gables v. Board of Public Instruction of Dade County, 313 So.2d 92 (3 D.C.A. Fla., 1975), cert. denied,330 So.2d 14 (Fla. 1976). Since the lien for a special assessment is an incumbrance against the property, it would remain with the land which, if transferred to a private property, might be executed upon, the constitutional prohibition against executing against public property having been removed by the sale to a private purchaser, or, alternatively, as the court in Blake v. City of Tampa, supra at 101, noted, "if, in the course of events, the [public property] should be abandoned for [public] purposes and disposed of, in which last-mentioned event the purchase price received would be deemed to consist in part of the amount necessary to discharge the incumbrance on what is sold."
[7] See, Blake v. City of Tampa, supra at 100.