WILSON CYPRESS CO. v. FRANK H. LOGAN
156 So. 286.
En Banc.
Opinion Filed July 26, 1934.
Petition for Rehearing Denied Sept. 7, 1934.

846

*J. V. Walton,* for Plaintiff in Error;

*Frank R. Greene,* for Defendant in Error.

BUFORD, J.—This was a suit in trover for the conversion of certain logs, some pine and some cypress. Defendant in error was plaintiff in error below and recovered judgment against the defendant there, plaintiff in error here.

The record shows that most of the logs which were converted by the plaintiff in error to its own use were cut and removed from lands in Volusia County and were delivered to the plaintiff in error in Putnam County. A small number of the logs were cut and removed from lands in Lake County and were delivered to and converted by plaintiff in error to its own use in Putnam County. It is quite clear that the plaintiff in error, through its officers and agents, knew from what lands the logs in both instances were taken

and upon receiving the logs and from the logger plaintiff in error, through its agents and officers, claimed to own the lands from which the logs were taken and deducted from the price paid for the logs the value of the stumpage at that time being paid for timber in that locality.

It also appears that the plaintiff in error prior thereto had bargained, sold and conveyed by deed those particular lands to the defendant in error, who was plaintiff in the suit below.

The evidence was entirely sufficient to establish a willful conversion of the plaintiff's property.

Plaintiff in error contends that the judgment should be reversed because the suit was filed and maintained in Lake County where no conversion occurred and where the defendant in the court below had no established place of business or no legal residence. The objection to venue was not raised in the court below.

Trover is a transitory action and a suit in trover may be brought and maintained in any county or in any state where jurisdiction over the parties can be obtained, regardless of where the conversion was committed, unless venue is definitely fixed by statute.

Although we have a statute which provides that suit should be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is (Section 2579 R. G. S., 4219 C. G. L.), this is a statute of privilege and may be waived and wherever a defendant is sued in a county other than that designated in the statute and files a general appearance and thereafter goes to trial upon issues joined without objection to the jurisdiction and venue, the statute will be deemed to have been waived and the court to have acquired jurisdiction of the parties.

The judgment should be affirmed and it is so ordered. Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

ELLIS, J., dissents.

ELLIS, J (dissenting).—This is an action for damages for the conversion by the defendant of certain cypress and pine logs alleged to have been severed from lands owned by the plaintiff. There are two counts to the declaration. The first charges the defendant with converting to its own use and wrongfully depriving the plaintiff of the use and possession of the logs. The second count charges the defendant with "wrongfully and willfully" taking possession of the logs and converting them to its own use.

The defendant pleaded not guilty and the parties went to trial on the issue raised by that plea. By that plea the conversion of the logs by the defendant was put in issue. See Stewart v. Mills, 18 Fla. 57; Rule 75, Circuit Courts Law Actions.

No question of the title to the property was involved.

None of the logs cut from the plaintiff's land were shown by the evidence to have come into possession of the defendant except those which were delivered and sold on May 6, 1931, to the defendant at its log boom in Palatka by Newman who was an independent logger and who bought lands or logging rights from others in his logging operations. The logs which were sold to the defendant were taken by Newman in his independent operations from land which he believed he had acquired from the owner. He was, therefore, an unintentional trespasser and cut the logs and removed them through mistake as to the ownership of the land.

When the logs were floated down the river and brought by him to the defendant's boom at Palatka, the defendant's agent, who negotiated with Newman for the purchase of the logs, believing that the logs came from land which the agent believed was owned by the defendant, deducted the stumpage charge from the price agreed to be paid to Newman for the logs.

It was later discovered that the logs were taken in fact from land owned by the plaintiff. In that transaction the defendant was, therefore, an innocent vendee of an unintentional trespasser.

The defendant does not deny the plaintiff's right to the property and there was no evidence of a conversion of it by the defendant to its own use. The logs were in the boom where they were brought by Newman.

Any elementary treatise on the law of torts informs the reader that at common law there were four actions for the wrongful taking or detention of the personal property of another. Those forms of action are *"trespass de bonis asportatis,"* replevin, detinue and trover. Those actions differed one from another not only in the elements of the wrongful act complained of but also in the result sought to be obtained. The action of trover, technically trover for conversion, which is the action brought in this case, is a remedy to recover the value of personal chattels converted by another to his own use. The remedy has not changed since the days of Lord Mansfield. See Cooper v. Chitty, 1 Burrow's (Eng.) 20.

Indeed no necessity in the so-called complex relations of an intricate industrial age and semi-communistic policy has arisen for any change. The form of action supposes the defendant may have come lawfully by the possession of the goods. In the case at bar there is neither in the form

of action chosen nor the evidence adduced by the parties the vaguest suspicion that the defendant came by the possession of the logs in any other than a lawful manner. Therefore, if the defendant had delivered the logs to the plaintiff on demand there could have been no recovery in this action for the taking of them, but no demand was made.

The word "conversion" is a technical expression as used in the law of torts. It does not mean that there has been a change in form of the thing taken, but it means that the defendant has exercised a wrongful dominion or control over the property in violation of the plaintiff's rights. See Burroughs v. Bayne, 5 H. & N. 296 (Eng.).

To constitute a conversion the act must be such as to indicate an assertion of ownership or title or a right of control or dominion over the property adversely to the owner. There is evidence of nothing of that sort in this case. Newman brought the logs to the defendant's boom. There the defendant bought them from Newman. The defendant's agent, believing that the logs came from the land owned by the Company, deducted from the price agreed to be paid the stumpage charge. There the logs remained, and continued to remain there after the discovery that they came from the plaintiff's land. What else could the defendant have done but allow them to lie in its boom? The defendant could not pick them out of the boom and deliver them into the hands of the plaintiff. There is no evidence that the defendant's intention with regard to the logs was inconsistent with or in violation of the plaintiff's right.

A demand by the plaintiff upon the defendant for the thing alleged to have been converted and a refusal to comply with the demand was necessary to show a conversion of the logs by the defendant.

The true significance therefore of proof of a demand

and refusal is that it is evidence but evidence only of a conversion. In this case the conversion was not attempted to be shown by any other evidence and there was no demand on the defendant for a return of the property. See a discussion of the subject in Castle, v. Corn Exchange Bank, 75 Hun. 89 (N. Y.); Burroughes v. Bayne, *supra*. I therefore think that the judgment should be reversed.