## COFFEY v. LOUISVILLE & NASHVILLE R. CO.

Court of Appeals of Kentucky.

May 22, 1953.

Ray O. Shehan and Daniel Boone Smith, Harlan, for appellant.

C. S. Landrum, C. E. Rice, Jr., and Stoll, Keenon & Park, Lexington, Joe S. Feather, Williamsburg, for appellee.

SIMS, Chief Justice.

This appeal is prosecuted from a judgment of the Whitley Circuit Court permanently enjoining William K. Coffey from prosecuting an action in the circuit court of the City of St. Louis, Missouri, against the Louisville & Nashville Railroad Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., hereinafter referred to as the Act, for $100,000 damages for personal injuries Coffey alleged he sustained by reason of the negligence of his employer Company in Harlan County, Kentucky.

The petition in equity seeking the injunction avers the Company is a Kentucky corporation and operates its trains in Whitley County, Kentucky, where Coffey has resided for many years, as well as in Harlan County where the accident occurred; that the Company maintains an agent in each of these counties, also in many other counties in Kentucky; that the Company's witnesses reside in Whitley and Harlan counties, and Coffey to harass the Company and to put it to unreasonable and unnecessary expense brought his action for damages in the circuit court of St. Louis, Missouri.

Special and general demurrers to the petition were overruled. After admitting Coffey is a resident of Whitley County and the injury occurred in Harlan County, Kentucky, the first paragraph of the answer is a general denial, followed by a second paragraph averring that § 6 of the

Act, 45 U.S.C.A. § 56, gives Coffey the right to prosecute his action for damages against the Company in St. Louis, Missouri, where the Company also operates its railroad.

The chancellor granted a permanent injunction upon proof which shows St. Louis is some 683 miles from Coffey's place of residence in Kentucky and is approximately the same distance from Harlan County, Kentucky, where the accident occurred, and that the Company would have to transport its witnesses that distance, some of whom are its employees and their prolonged absence from their positions would put great and unnecessary expense upon the Company and interfere with the operation of its trains.

The Company practically admits that § 6 of the Act as construed in Miles v. Illinois Cent. R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, "displaces the traditional power of a state court to enjoin its citizens, on the ground of oppressiveness, from suing * * * in the courts of another state * * *." However, the Company relies upon the 1948 amendment of the Judicial Code, Title 28 U.S.C.A. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

 In Pope v. Atlantic Coast Line R. Co., 345 U.S. 379, 73 S.Ct. 749, 752, Mr. Chief Justice Vinson said:

> "Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts, and it says nothing concerning the power of some court other than the forum where a lawsuit is initiated to enjoin the litigant from further prosecuting a transitory cause of action in some other jurisdiction."

 The facts in the Pope case are quite similar to those in the one before us and the two cases cannot be distinguished. Regardless of whether we think the reasoning in Mr. Justice Frankfurter's dissenting opinion expresses the sounder view, and regardless of what our independent views on the question might be, we feel constrained to follow the decision of the majority of the United States Supreme Court as expressed in the Pope case. Hence, it is unnecessary to extend this opinion further and we refer the reader to the Pope case.

The judgment is reversed and one will be entered dissolving the permanent injunction.