124 So.2d 708 (1960)
GREYHOUND CORPORATION, a foreign corporation, Appellant,
v.
Josephine ROSART, and her husband, James Rosart, Appellees.
No. 60-431.
District Court of Appeal of Florida. Third District.
December 1, 1960.
*709 Blackwell, Walker & Gray and Edward L. Magill, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellees.
HORTON, Chief Judge.
This is an interlocutory appeal from an order denying appellant's motion to dismiss for improper venue or, in the alternative, to transfer the cause of action to another county in Florida.
The appellees are citizens of, and reside in, Hamilton, Ontario, Canada. The appellant is a foreign corporation authorized to do business in Florida, and had, at the time of suit, designated a resident agent in Duval County, Florida, for service of process.
This action grew out of a claim for personal injuries allegedly sustained by the appellee Josephine Rosart in an automobile accident between a vehicle owned by the appellant and a vehicle owned by Hollywood Memorial Park, Inc., a foreign corporation not authorized to do business in Florida. The appellee Josephine Rosart was a passenger in the vehicle owned and operated by the appellant. Service of process was had upon the appellant in Duval County and upon Hollywood Memorial Park, Inc., a foreign corporation, under the provisions of §§ 47.29 and 47.30, Fla. Stat., F.S.A., relating to non-resident automobile owners.
The appellant makes two contentions on appeal, i.e., (1) that § 46.04, Fla. Stat., F.S.A., is unconstitutional in that it violates the equal protection clause of the Federal Constitution and as such the venue was improper, and (2) that the cause of action should have been transferred to St. Johns County, Florida (where the accident occurred) pursuant to § 53.17, Fla. Stat., F.S.A. These two contentions encompass the separate grounds urged by the appellant before the trial judge in its motion to dismiss.
On the first question, the appellant contends that § 46.04, supra, which reads as follows:
"Suits against domestic corporations shall be commenced only in the county (or justice district) where such corporation shall have or usually keep an office for the transaction of its ordinary business, or where the cause of action accrued or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."
is unconstitutional because it denies to foreign corporations equal protection of the law as guaranteed by the Fourteenth Amendment to the Federal Constitution. This argument is premised on the contention that § 46.04, supra, provides a broader venue for suits against foreign corporations than against domestic corporations. The appellant relies mainly upon Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, and the Texas case of Firemen's Fund Insurance Co. v. McDaniel, Tex.Civ.App. 1959, 327 S.W.2d 358. We think the appellant's reliance in this instance is misplaced.
In the Saunders case, the Supreme Court of the United States held unconstitutional an Arkansas venue statute as denying equal protection on the principal ground that such denial was not grounded on any basic reason for a statewide venue against a foreign corporation when such was not applicable against a domestic corporation or a natural person. The court said [274 U.S. 490, 47 S.Ct. 680]:

*710 "* * * So we conclude that such classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary."
The Saunders case, we think, is distinguishable on the facts involved and the state venue statute that was sought to be applied. There, the defendant, an Ohio corporation, was doing business under a permit in Arkansas. Its place of business was in Arkansas County and it had no business, office, officer or agent elsewhere within the state. Saunders, an employee of Power Manufacturing Co., was injured and brought suit and recovered judgment against the corporation in Saline County. The Arkansas statute permitted actions of this character, if against a domestic corporation, to be brought in a county where the corporation had a place of business, or in which its chief officer resided, and if against a natural person, in a county where he resides or may be found, whereas, actions were permitted against foreign corporations in any county in the state. Clearly, we feel, the facts as well as the provisions of the statute demonstrate there was a discrimination against foreign corporations in favor of domestic corporations and residents of Arkansas, and there was no real or apparent basis for the difference in the classifications. Substantial discrimination against foreign corporations was also involved in Firemen's Fund Insurance Co. v. McDaniel, supra.
Section 46.04, supra, makes only one distinction between domestic and foreign corporations, and that is that the domestic corporation may be sued where the corporation has or usually keeps an office for the transaction of customary business, while on the other hand, a foreign corporation doing business within the state may be sued where it has an agent or other representative. This distinction, which appears to be without a real difference, has further been reduced by judicial interpretation. See Iverness Coca-Cola Bottling Co. v. McDaniel, Fla. 1955, 78 So.2d 100, and Tribune Company v. Approved Personnel, Inc., Fla.App. 1959, 115 So.2d 170. Further, the statute provides that both corporations are subject to be sued where the cause of action accrued or, if property is involved, the location of the property.
In Florida, a foreign corporation permitted to do business has only to designate a place and person where and upon whom service of process may be had. See Chapter 613, and § 47.34, Fla. Stat., F.S.A. The same provisions are equally or more stringently applied to a domestic corporation. See Chapter 608, Fla. Stat., F.S.A., and § 47.34, supra. If a foreign corporation does not elect to have representatives or agents except in one county of the State of Florida, then, as we understand the venue statute, such corporation could be sued in the one county where an agent or representative is located (assuming also that was the designated place for the service of process required by law) or where the cause of action accrued or where the property, if any, in litigation was located. Conversely, a domestic corporation, with only one place of business in Florida, in one county, could be sued only where the place of business was, or where the cause of action accrued, or where the property in litigation was located. Under this analysis, we fail to see the applicability of the Saunders case or the analogies which the appellant seeks to draw, and conclude that there has been no showing of discrimination or a denial of equal protection guaranteed by the Fourteenth Amendment to the Federal Constitution; that any difference between the venue of actions against domestic and foreign corporations is based on real and substantial grounds. See Bain Peanut Co. v. Pinson, 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482.
In its second question, that the trial judge should have transferred the cause to St. Johns County where the action accrued and where, it contends, it might properly have been brought, the appellant urges two propositions, i.e., (1) that § 53.17, Fla. Stat., F.S.A., combines the provisions of §§ 1404(a) and 1406(a), Title 28 U.S.C.A., or *711 (2) that the court should have applied the doctrine of forum non conveniens. We fail to find any support for the appellant's contention that § 53.17, supra, combines or appears to combine the provisions of §§ 1404 (a) and 1406(a), Title 28 U.S.C.A. Further, these particular subsections are applicable to federal trial courts and have no binding effect in a state court.[1] They permit the transfer, by a federal district court, of a cause of action to any other federal district where it might have been brought, when the court determines that such a transfer would further the administration of justice and the action could be more conveniently prosecuted in the other district. Section 53.17(1), supra, provides:
"Any court in this state in which is filed a case (including actions at law, suits in equity and statutory proceedings) laying venue in a wrong county or district may transfer such case to the proper court in any county or district of this state where it might have been brought in accordance with the venue statutes of this state. Where the venue of the case might have been brought under the venue statutes in two or more counties or districts the person bringing such action may select the county or district to which the case may be transferred; but if no such selection be made the matter shall be determined by the court or judge." [Emphasis supplied.]
We are unaware of any contention on the appellant's part that the venue of this cause of action was in the wrong county or district (absent a determination that the venue statute is unconstitutional) nor has the appellant attempted to comply with any of the other statutory requirements for change of venue or transfer of a cause of action pursuant to Chapter 53, Fla. Stat., F.S.A. Clearly this Florida statute does not grant any authority to transfer for considerations involving trial convenience.
That subsection ____ (a) ____ of § 1404, authorizing federal district courts to transfer actions for the convenience of parties and witnesses, in the interest of justice, is based upon the doctrine of forum non conveniens. Rhodes v. Barnett, D.C.N.Y. 1953, 117 F. Supp. 312; Schoen v. Mountain Producers Corp., 3 Cir., 1948, 170 F.2d 707, 5 A.L.R. 2d 1226. Our § 53.17 does not find its roots in this doctrine.
The doctrine of forum non conveniens is an equitable doctrine exercised by a court to prevent the imposition upon its jurisdiction of the trial of causes of action when the court determines that for the convenience of the litigants and witnesses, and in the interest of justice, the action should be instituted in another forum. This doctrine presupposes at least two forums in which the defendant is amenable to process and furnishes criteria for a choice between such forums. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and 17 Words and Phrases, Forum Non Conveniens, p. 639.
Prior to the enactment of §§ 1404(a) and 1406(a), supra, the Supreme Court of the United States declined to apply the doctrine of forum non conveniens where the venue of causes of action was controlled by specific statutes which allowed the plaintiff a choice of forums. See United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169, 1171, 92 L.Ed. 1584. In the National City Lines case, the Supreme Court reversed a judgment of the District Court, Southern District of California, 7 F.R.D. 456 which had dismissed an anti-trust action without prejudice on the ground that another forum would be more convenient, and stated the question thusly:
"The principal question and the only one we find it necessary to consider is whether the choice of forums given to the plaintiff by Section 12 (of the Clayton Act, 15 U.S.C.A.) is subject to *712 qualification by judicial application of the doctrine of forum non conveniens."
In answering the question, the court said:
"Finally, both appellees and the district court have placed much emphasis upon this court's recent decisions applying the doctrine of forum non conveniens and in some instances extending the scope of its application. Whatever may be the scope of its previous application or its appropriate extension, the doctrine is not a principle of universal applicability, as those decisions recognize. At least one invariable, limiting principle may be stated. It is that whenever Congress has vested courts with jurisdiction to hear and determine causes and has invested complaining litigants with a right of choice among them which is inconsistent with the exercise by [its] courts of discretionary power to defeat the choice so made, the doctrine can have no effect."
It should be observed in passing that shortly after the rendition of this National City Lines decision, the federal statute  §§ 1404(a) and 1406(a), Title 28 U.S.C.A.  was enacted and subsequently applied and upheld by the Supreme Court in subsequent litigation in that case. See United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226.
In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute,[2] then the election still remains his and not one which can be dictated by the defendant. Doonan v. Poole, Fla.App. 1959, 114 So.2d 504. See Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748; Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; Peterson v. Kirk, Fla.App. 1958, 103 So.2d 656. To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions.
In light of the views expressed herein, it follows that the order appealed should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Coffey v. Louisville & N.R. Co., Ky. App. 1953, 258 S.W.2d 500; Pope v. Atlantic Coast Line R. Co., 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed. 1094.
[2] Chapter 46, Fla. Stat., F.S.A.