BARKDULL, Judge.
The appellants, plaintiffs below, by this appeal, seek review of a final order of dismissal rendered by the chancellor, reading as follows:
“This cause came on to be heard, by special appointment, on Motion to Dismiss filed by the defendant, Wometco Enterprises, Inc., a Florida corporation, on Motion to Dismiss filed by the defendant, Mitchell Wolfson, and on Motion to Dismiss and Motion to Quash filed by the defendant, Nassau Vending Company, Ltd., a Bahamian corporation. The Court considered the pleadings, the deposition of Mitchell Wolf-son, and heard argument of counsel. Upon consideration, it is
“ORDERED and ADJUDGED:
“1. Motion to Dismiss filed by Wo-metco Enterprises, Inc., a Florida corporation, is hereby granted and the Complaint and this cause are hereby dismissed as to Wometco Enterprises, Inc., a Florida corporation. •
“2. Motion to Dismiss filed by Mitchell Wolfson is hereby granted on the ground that the Complaint fails to state a cause of action against him. The Motion to Dismiss filed by Mitchell Wolfson is also granted on grounds of forum non conveniens and the related doctrine of non-interference in the internal affairs of a foreign corporation, and, therefore, the Complaint and this cause are hereby dismissed as to the defendant, Mitchell Wolfson, without prejudice.
“3. Motion to Dismiss filed by Nassau Vending Company, Ltd., a Bahamian corporation, is hereby granted on the ground that the Complaint fails to state a cause of action against it. The Motion to Dismiss filed by Nassau Vending-Company, Ltd., a Bahamian corporation, is also granted on the following grounds, and each of the following grounds: improper venue, lack of jurisdiction over the person, insufficiency of service of process, and also on grounds of forum non conveniens and the related doctrine of non-interference in the internal affairs of a foreign corporation. Therefore, the Complaint and the cause are hereby dismissed as to Nassau Vending Company, a Bahamian corporation, without prejudice.
“4. Motion to Quash service of process filed by defendant, Nassau Vending Company, a Bahamian corporation, is. hereby granted and the process heretofore served on Nassau Vending Company, Ltd., a Bahamian corporation, is hereby quashed.”
*894 The record does not disclose any appearance of Theatrical Enterprises, Ltd., a foreign corporation, in the trial court and it is not concerned in this appeal.
The appellants have raised S principal points in urging error in the rendition of the final order of dismissal by the chancellor. First, a ruling on the merits after a determination that the court lacked jurisdiction over the foreign corporations. Second, the recognition of the doctrine of forum non conveniens. Third, the acceptance of the doctrine of non-interference in the internal affairs of a foreign corporation. Fourth, the determination that the service upon Nassau Vending Company, Ltd., was improperly made. And, fifth, the failure of the chancellor to permit an amendment to the original complaint.
As to the first contention that the chancellor should not have ruled on the merits of the cause, in view of his dismissal on jurisdictional grounds this point is well taken, and so much of the final order of dismissal which purports to be a ruling on the merits of the controversy is hereby declared to be surplusage as to the foreign corporations, but is affirmed as to Wometco Enterprises, Inc., a Florida corporation. As to the doctrine of forum non conveniens, it does not appear from this record that there were two forums available to the plaintiffs and, until such a showing is made by the party who advances the doctrine of forum non conveniens, it constitutes abuse of discretion for a chancellor to dismiss a complaint on this theory, without it affirmatively appearing that there are two forums readily available for the purpose of settling the controversy. Greyhound Corporation v. Rosart, Fla.App.1960, 124 So.2d 708; Tivoli Realty v. Interstate Circuit, 5th Cir. 1948, 167 F.2d 155. This point is therefore well taken by the appellants, but is not determinative of this appeal in view of our finding on the third point, to wit: the dismissal on the ground of non-interference in the internal affairs of foreign corporations. The plaintiffs filed their suit in the nature of a derivative action for and on behalf of a Bahamian corporation and seek their principal relief against another Bahamian corporation, Nassau Vending Company, Ltd. This doctrine has long been recognized as an established principle of law. 14 Fla.Jur., Foreign Corporations, § 17; 23 Am.Jur., Foreign Corporations, § 424 and cases cited therein. It appears that the chancellor was well within his discretionary powers in dismissing the complaint as to the foreign corporations and Wolfson under this doctrine. No error has been demonstrated in the chancellor’s granting the motion to quash service upon Nassau Vending Company, Ltd., as the record fails to demonstrate that the claim arose out of transactions occurring within this State. Therefore, the attempted service under § 47.16, Fla.Stat., F.S.A., was not good in light of the principles enunciated in the case of Zirin v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594. The record on appeal fails to indicate that the appellants ever sought leave of court to amend their complaint and, therefore, the record fails to demonstrate any error on the part of the chancellor in this particular.
The final order of dismissal is affirmed, as modified in the following particulars: As to Paragraph 1, it is affirmed as written. As to Paragraph 2, it is affirmed on the doctrine of non-interference in the internal affairs of a foreign corporation, but reversed on the doctrine of forum non conveniens. And the finding that it fails to state a cause of action against Wolfson is declared to be surplusage, and the dismissal is to be construed as a dismissal without prejudice to the plaintiffs seeking relief in an appropriate forum. As to Paragraph 3, it is affirmed on the doctrine of non-interference in the internal affairs of a foreign corporation, but reversed on the doctrine of forum non conveniens, and the finding that it fails to state a cause of action against Nassau Vending Company, Ltd., is declared to be sur-plusage. It is also affirmed on the finding of improper venue, lack of jurisdiction over the person, and insufficiency of service of process. But, the dismissal is to be construed *895 as a dismissal without prejudice to the plaintiffs seeking relief in an appropriate forum. As to Paragraph 4, the ruling on the motion to quash is affirmed.
Affirmed in part, reversed in part.