## DIVERS TRAINING ACADEMY, Inc. v. ALEXANDER.
### No. 74-455CA.
Circuit Court, St. Lucie County.

September 13, 1974.

William B. LeCates of Carlisle & Tworoger, Fort Lauderdale, for the plaintiff.

John N. Moore, III of Neblett & Sauer, Key West, for the defendant.

JAMES E. ALDERMAN, Circuit Judge.

This cause came on for hearing upon the defendant's motion to transfer this cause to the 16th judicial circuit upon the ground that the case was improperly filed in St. Lucie County. The defendant contends that the proper venue is in Monroe County where he resides and where allegedly the cause of action arose.

The plaintiff is a Florida corporation, having its office and place of business in Fort Pierce in St. Lucie County. The defendant is an individual residing and doing business in Key West in Monroe County. The plaintiff alleges that it entered into a bailment with the defendant for the mutual benefit of both the plaintiff and defendant whereby defendant in return for a valuable consideration

agreed to tow a vessel, known as an LCM-6 and owned by the plaintiff, from defendant's place of business in Key West to the plaintiff's place of business in Fort Pierce, that pursuant to the bailment, plaintiff entrusted the vessel into the possession of the defendant at defendant's place of business in Key West, and that plaintiff agreed, upon delivery of the LCM-6 at plaintiff's place of business in Fort Pierce to pay defendant the sum of $1,200.

In Count I of the complaint, plaintiff alleges that during the period of entrustment, the defendant failed to exercise ordinary care and diligence in safeguarding plaintiff's property and as a direct result thereof, the LCM-6 was lost at sea and in consequence thereof the plaintiff sustained damages.

Count II alleges that the defendant has wholly failed, neglected and refused to deliver said boat to plaintiff's place of business in Fort Pierce, and that plaintiff has stood ready at all times to pay defendant the sum of $1,200 upon delivery thereof pursuant to the terms of the bailment, and in consequence of said default in delivery plaintiff has sustained damages.

The proper venue of an action is determined by F.S. §47.011, which provides —

> "Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located . . ."

In this case, plaintiff bases its claim of venue in St. Lucie County upon the provision relating to where the cause of action accrued. The court has not found, and counsel have failed to cite, any Florida appellate decision which determines where the proper venue lies in a bailment case such as this. Defendant argues that proper venue is in Monroe County where he resides, where the agreement was made and where the entrustment was created. The plaintiff in response argues that the cause of action accrued in St. Lucie County where the defendant, under the terms of the bailment, was obligated to deliver the LCM-6 to the plaintiff.

In venue cases, Florida courts have recognized that causes of action growing out of contractual relationships may accrue in differing forums depending upon the nature of the breach which forms the gravamen of the particular action. See M.A. Kite Co. v. A.C. Samford, Inc., Fla., 130 So.2d 99 (1961). What is the gravamen of this particular action? Under the terms of the alleged bailment, the vessel was to be delivered to plaintiff's place of business in Fort Pierce, and upon delivery the plaintiff was to pay the defendant the sum of $1,200. In the court's opinion, this is sufficient to establish venue in St. Lucie County. The suit might have also been filed in Monroe County, however, it is the plaintiff, not the

defendant, who has the option to chose the forum. As stated by the court in Greyhound Corp. v. Rosart, Fla. App. 1960, 124 So.2d 708 —

> "In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by the defendant. * * * To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions."

The court having determined defendant's motion to transfer to be without merit, the motion is denied and the defendant shall have twenty days from the date of this order to file his answer or other pleadings.