321 So.2d 448 (1975)
BRITISH-AMERICAN INSURANCE COMPANY, LTD., a Bahamian Corporation, Appellant,
v.
Nicholas CLADAKIS et al., Appellees.
No. 75-720.
District Court of Appeal of Florida, Third District.
November 4, 1975.
*449 Smathers & Thompson and G. Morton Good, Miami, for appellant.
Marx & Squitero and Richard M. Krinzman, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The plaintiff, British-American Insurance Company, Ltd., appeals from an order dismissing its lawsuit against Nicholas Cladakis on the grounds of forum non conveniens and lack of subject matter jurisdiction.
Nicholas Cladakis, an English national resident in England, was sent to Cyprus as manager of British-American's Eastern Mediterranean Division. British-American is a Bahamian corporation which does not do business in Florida. On February 27, 1975, British-American received a letter from Cladakis' Florida lawyer, informing it that its manager "has withdrawn approximately $100,000.00 from the company". British-American responded by suing Cladakis in Florida for conversion of funds, and naming as additional defendants the Florida lawyers who are holding approximately $82,000.00 of the $100,000.00 appropriated by Cladakis. The defendants were personally served with process, and the money was garnished. Cladakis moved to dismiss, alleging improper venue. The trial court noted the complex foreign connections of the case, including the fact that the cause of action accrued in Lebanon and Greece when the defendant removed the $100,000.00 from the plaintiff's bank accounts there. The case was dismissed on grounds of forum non conveniens and lack of subject matter jurisdiction. The plaintiff appealed, arguing that this case should be litigated in Florida.
The appellant contends that the trial court did have subject matter jurisdiction over this suit between Bahamian and English aliens arising from conversion of funds in the Middle East; the money is here in Florida, and the defendant was personally served in Florida. The appellant also contends that the doctrine of forum non conveniens was misapplied. Florida is a convenient forum, because there was personal service of process here, the money involved is here, and the defendant failed to prove that the plaintiff has an alternate forum available. Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So.2d 708; Goldstein v. Wometco Enterprises, Inc., Fla.App. 1962, 139 So.2d 892. Conversion is a transitory action. Wilson Cypress Co. v. Logan, 115 Fla. 845, 156 So. 286. Plus, the action is one of a continuing nature. See: Lilly v. Bronson, 129 Fla. 675, 177 So. 218. We agree.
The appropriation of the funds is alleged to be a conversion, as indicated, and this is a continuing tort as well as a transitory action. The bulk of the funds appropriated are here in Florida under the control of the defendants and, therefore, clearly the Florida courts have subject matter jurisdiction. Further, the defendants have failed to meet the burden of showing there is another convenient forum.
Therefore, the order here under review be and the same is hereby reversed, with directions to require the defendants to file defensive pleadings.
Reversed and remanded, with directions.