941 So.2d 15 (2006)
REMINGTON COMMUNITY DEVELOPMENT DISTRICT, Appellant,
v.
EDUCATION FOUNDATION OF OSCEOLA, ETC., et al., Appellee.
No. 5D05-2271.
District Court of Appeal of Florida, Fifth District.
August 11, 2006.
Opinion Certifying Question November 3, 2006.
Rehearing Denied November 3, 2006.
Scott D. Clark and Mitchell E. Albaugh of Scott D. Clark, P.A., Winter Park, for Appellant.
Charles W. Sell of Shuffield, Lowman & Wilson, P.A., Orlando, for Appellee.
TORPY, J.
Remington Community Development District (hereinafter "District") challenges a summary judgment entered in favor of Education Foundation of Osceola (hereinafter "School"), a charter school, concluding, among other things, that School is exempt from paying special assessments levied by District. We reverse and remand *16 this cause for further proceedings in accordance with this opinion.
District was formed in 1994, pursuant to Chapter 190, Florida Statutes, for the purpose of constructing roads, water and wastewater systems and other infrastructure to serve the lands within District's boundaries. Pursuant to the power conferred upon it by section 190.011(14), Florida Statutes (1994), District levied special assessments in 1994, 1997 and 1999 on the property within its boundaries. Special assessment liens, payable in installments, were placed on all affected properties. District also issued various special assessment bonds, the proceeds of which were used to fund the capital improvements. The installment payments due from the special assessment liens were pledged as collateral on the bonds.
In 2000, members of the P.M. Wells family executed a deed that transferred title to a tract of land (hereinafter "the School Property") to School. Although originally set aside for 44 residential sites, the School Property, which is located within District's boundaries, was specifically deeded with the requirement that it be used for a school. Thereafter, the P.M. Wells Charter School was created pursuant to a charter between the School Board of Osceola County, Florida, and School. The P.M. Wells Charter School currently serves approximately 600 students and receives its revenues from the School Board of Osceola County, Florida.
This controversy arose when an installment payment on the School Property became due in 2002. Rather than pay the installment, School filed an action seeking a declaration that it was exempt from payment of the special assessments. District counterclaimed to enforce the liens by foreclosure or mandamus.
The first issue for our determination is whether the lower court correctly determined that School is exempt from special assessments because of its statutory status as a public school. We conclude that charter schools are not so exempt because, unlike other public schools, the legislature has failed to create a statutory exemption for charter schools.
Historically, public schools in Florida were not exempt from special assessments. Blake v. City of Tampa, 115 Fla. 348, 156 So. 97 (1934). In 1953, the legislature enacted the precursor to section 1013.51, Florida Statutes (2005),[1] which, as construed by the courts, authorized, but did not require, education boards to expend funds for special assessments. Bd. of Pub. Instruction of Duval County v. City of Jacksonville, 86 So.2d 887 (Fla.1956); City of Clearwater v. Sch. Bd. of Pinellas County, 905 So.2d 1051, 1055 (Fla. 2d DCA 2005); City of Newberry v. Sch. Bd. of Alachua County, 368 So.2d 87 (Fla. 1st DCA 1979).
The dilemma School faces here is that although charter schools are, by legislative decree, "public schools," the only statutory *17 exemption from special assessments that arguably applies  section 1013.51, Florida Statutes (2005)  clearly does not apply to charter schools. In section 1002.33(16)(a), Florida Statutes (2005), the legislature exempted charter schools from "all statutes" contained in Chapter 1013, which includes section 1013.51.
The clarity of these provisions notwithstanding, School argues that, because section 1002.33(1), Florida Statutes (2005), declares that charter schools are "public schools," we should conclude that the legislature intended that the exemption apply. It theorizes that the legislature intended that all public schools be treated alike. We disagree. Obviously, the legislature did not intend that all "public schools," charter and non-charter, be treated equally; otherwise, it would not have "exempted" charter schools from the numerous statutes governing non-charter, public schools.[2] For us to conclude otherwise would require that we improperly ignore the plain language of the statutes and speculate about what the legislature really intended.
Citing Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 496 So.2d 930 (Fla. 4th DCA 1986), School argues alternatively that it is exempt from the assessments here at issue because the assessments "were actually in the nature of ad valorem taxes, impact fees and service availability fees" for which School does enjoy a statutory exemption pursuant to sections 1002.33(18)(c) and (d), Florida Statutes (2005). Again we disagree. Loxahatchee involved an attempt by a taxing district to impose "service availability and line charges" as preconditions to connecting to a sewer system that was already in place. The legal issue in Loxahatchee was whether the charge was actually an impact or service availability fee, from which the school board enjoyed a statutory exemption. Loxahatchee did not involve a special assessment for capital improvements.[3]
Here, by contrast, District imposed assessments for statutorily enumerated capital improvements in accordance with the special benefit conferred upon the lands within District's boundaries.[4] No attempt was made to charge the equivalent of an ad valorem tax, impact fee or service availability fee. Loxahatchee, therefore, is distinguished.
We conclude that the lower court erred in determining that School is exempt from the special assessments. Based on our conclusion on this issue, it is unnecessary for us to consider District's alternative argument that School, even if exempt, may not avoid the assessment liens at issue here because the liens were in place before School took title to the land. However, we are left to consider whether the liens may be enforced by forced sale of the property.
*18 Section 170.10, Florida Statutes (2005), provides that, upon default in the payment of an assessment installment, the governing authority may proceed in chancery to foreclose the lien and sell the property to satisfy the lien. This provision notwithstanding, School contends that foreclosure is not available because the property is in use by a public school. See Blake, 156 So. at 99-100 (based on Florida Constitution, property in use by public school not subject to forced sale to satisfy special assessment lien). At oral argument, District's counsel candidly conceded this point but urged that mandamus is available to enforce the lien. We agree. State v. Caldwell, 160 Fla. 355, 35 So.2d 642, 646 (1948); City of Titusville v. Bd. of Pub. Instruction of Brevard County, 258 So.2d 836 (Fla. 4th DCA 1970). But see City of Coral Gables v. Bd. of Pub. Instruction of Dade County, 313 So.2d 92 (Fla. 3d DCA 1975) (mandamus not available to compel school board to pay special assessment but trial court has authority to compel payment).
REVERSED AND REMANDED.
PLEUS, C.J. and ORFINGER, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The court denies Appellee's, Education Foundation of Osceola, Inc.'s, motion for rehearing. The court partially grants Appellee's motion to certify questions of great public importance and, as rephrased, certifies the following two questions:
1. ARE CHARTER SCHOOLS, WHICH ARE DEEMED BY STATUTE TO BE PUBLIC SCHOOLS, EXEMPT FROM SPECIAL ASSESSMENTS?
2. IF NOT, CAN MANDAMUS BE USED TO COMPEL A PRIVATE CORPORATION OPERATING A CHARTER SCHOOL TO USE PUBLIC SCHOOL BOARD FUNDS TO SATISFY SPECIAL ASSESSMENTS?
QUESTIONS CERTIFIED.
PLEUS, C.J., ORFINGER and TORPY, JJ., concur.
NOTES
[1] The so-called statutory exemption in favor of public schools is not a model of legislative clarity by any means. Section 170.201(2), Florida Statutes (2005), states that "property owned or occupied by a . . . school . . . shall be exempt from any special assessment levied by a municipality to fund any service if the municipality so desires." (emphasis added), implying that the discretion to levy certain assessments against school property lies with the levying authority. Section 1013.51, Florida Statutes (2005), by contrast, simply states that a school board "may expend funds" or "may pay its proportionate share" of special assessments, implying that the board has the discretion to pay or not pay assessments. Notwithstanding these seemingly contradictory statutes, the litigants seem content that the meaning of section 1013.51 is settled and that its intent is to confer upon school boards an exemption from special assessments that they may unilaterally invoke.
[2] We have not overlooked School's equal protection argument, which we reject without discussion.
[3] The fact that the legislature expressly exempted charter schools from ad valorem taxes, impact fees and service availability fees further bulwarks District's argument that, had the legislature intended to create a similar exemption from special assessments, it would have done so expressly. See Young v. Progressive Southeastern Ins. Co., 753 So.2d 80, 85 (Fla.2000) (applying doctrine of expressio unius est exclusio alterius to list of statutory exclusions).
[4] Section 170.01, Florida Statutes (2005), authorizes special assessments for, among other things, the construction or repair of streets, sidewalks, lighting, landscaping, greenbelts, swales, culverts, sewers, drainage structures, water supply systems, parks, recreational facilities and other infrastructure.