MORRIS, Judge.
 

 In this second-tier certiorari proceeding, West Villages Improvement District seeks to quash the circuit court’s order which upheld non-ad valorem special assessments imposed by the North Port Road and Drainage District (NPRDD) upon real property owned by West Villages. We conclude that the circuit court departed from the essential requirements of law by failing to apply the principle espoused in
 
 Blake v. City of Tampa,
 
 115 Fla. 848, 156 So. 97 (1934), and therefore, we grant cer-tiorari.
 

 I. Background
 

 West Villages is an independent special district of the State of Florida, located in Sarasota County. NPRDD is a municipal dependent special district wholly contained within the city of North Port. West Villages owns nine parcels of real property located within the city of North Port upon which NPRDD imposed the non-ad valo-rem assessments.
 

 In mid-2008, NPRDD amended its enabling ordinance to provide that NPRDD would levy non-ad valorem assessments against real property owned by governmental entities. NPRDD then published a notice of public hearing to address the adoption of the non-ad valorem assessment roll for the 2008-2009 fiscal year. Thereafter, West Villages received notices of the proposed assessments for each of the nine parcels in question. West Villages timely filed written objections to the proposed assessments arguing, in relevant part, that there was no explicit or necessarily implied legislative authorization for NPRDD to impose the non-ad valorem assessments upon any property owned by West Villages, as such property constituted public property.
 
 [1]
 

 At the public hearing, West Villages objected not only verbally but also in writing to the proposed assessments, raising the same arguments which it previously made. Despite West Villages’ objections, NPRDD
 
 *839
 
 passed a resolution which established the non-ad valorem assessment rates and which adopted the proposed non-ad valo-rem assessment roll.
 

 Thereafter, West Villages filed appeals to address the imposition of the non-ad valorem assessments for each of the nine parcels. Again, West Villages asserted there was no legal basis for NPRDD to impose the non-ad valorem assessments upon the parcels in question. On October 17, 2008, the district director for NPRDD issued a letter to West Villages denying the appeals.
 

 On November 14, 2008, West Villages filed its petition for writ of certiorari in the circuit court. In its order denying West Villages’ petition, the circuit court cited
 
 City of Boca Raton v. State,
 
 595 So.2d 25 (Fla.1992), and determined, in relevant part, that “[a] dependent special district ... has the authority to levy non-ad valo-rem assessments on specially benefited properties pursuant to both their home rule authority and statutory authority.” It is this conclusion which we have determined warrants certiorari relief.
 

 II. Analysis
 

 “[Cjertiorari should not be used to grant a second appeal but, instead, is limited to those instances in which the lower court did not afford procedural due process or departed from the essential requirements of the law.”
 
 Housing Auth. of Tampa v. Burton,
 
 874 So.2d 6, 8 (Fla. 2d DCA 2004).
 

 The departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice.
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000). A failure to observe “the essential requirements of law” has been held synonymous with a failure to apply “the correct law.”
 
 [Haines City Cmty. Dev. v.] Heggs,
 
 658 So.2d [523,] 530 [ (Fla.1995) ]. The district courts of appeal “should not be as concerned with the mere existence of legal error as much as with the seriousness of the error.”
 
 Id.
 
 at 528 (quoting
 
 Combs v. State,
 
 436 So.2d 93, 95 (Fla.1983)). In the context of certiorari review of a circuit court’s decision sitting in its appellate capacity, certiorari relief may be granted when the circuit court’s legal error in applying the incorrect law is sufficiently egregious or fundamental.
 
 Bottcher v. Walsh,
 
 834 So.2d 183, 184-85 (Fla. 2d DCA 2002).
 

 Id.
 

 West Villages contends that pursuant to
 
 Blake,
 
 NPRDD could not lawfully impose the non-ad valorem assessments without statutory authority and that the circuit court therefore departed from the essential requirements of law by failing to apply
 
 Blake
 
 and grant certiorari relief to West Villages.
 

 In
 
 Blake,
 
 the city of Tampa sought to foreclose a special assessment lien against a special tax school district in Hillsborough County. 156 So. at 98. The school district’s motion to dismiss the complaint was denied.
 
 Id.
 
 The Florida Supreme Court was ultimately asked to determine whether property acquired and used for public school purposes could be sold to pay a special assessment.
 
 Id.
 
 The court determined that it could not.
 
 Id.
 
 at 100. However, in reaching that decision, the court explained how special assessments could be validly applied to public property:
 

 [I]t is recognized by the weight of authority in the United States that with the exception of property of the general government, such as may be used for a
 
 *840
 
 custom house, post office, or other public building,
 
 all other public property is assessable if so provided by legislation,
 
 for it is unquestionably competent for the lawmaking power to authorize lands of the state, or public property belonging either to municipal corporations or to other public quasi corporations, or to political subdivisions, to be subjected to special assessments.
 
 But public property will not be deemed to be so included unless by special enactment or necessary implication.
 

 Id.
 
 at 99 (emphasis added). This discussion in
 
 Blake
 
 leads this court to conclude that legislative authorization — whether express or necessarily implied — is required before a special assessment can be imposed upon public property.
 

 However, NPRDD maintains that the
 
 City of Boca Raton
 
 case recognized that legislative authorization is no longer required for the imposition of special assessments by municipal districts. The circuit court was apparently persuaded by this argument as it cited
 
 City of Boca Raton
 
 in denying certiorari relief below.
 

 In that case, the Florida Supreme Court was asked to determine whether the city of Boca Raton could lawfully impose special assessments in order to fund improvement bonds without having been given a specific grant of authority from the legislature. 595 So.2d at 26. In finding that the city of Boca Raton could lawfully impose the special assessments, the Florida Supreme Court recited the history of municipal powers, specifically recognizing that under the 1885 version of the Florida Constitution, municipal powers were dependent upon specific grants of authority by general or special act.
 
 Id.
 
 at 27. The court went on to describe how municipalities were afforded broad home rule powers when the constitution was amended in 1968 and again in the Municipal Home Rule Powers Act of 1973.
 
 Id.
 
 at 27-28. Thus, according to the court, municipalities can “now exercise any governmental, corporate, or proprietary power for a municipal purpose except when expressly prohibited by law.”
 
 Id.
 
 at 28.
 

 Our interpretation of the holding in
 
 City of Boca Raton
 
 is that municipalities’ broad home rule powers encompass the ability to
 
 generally
 
 impose special assessments even absent specific legislative authority. Those general powers do not, however, permit municipalities to impose special assessments on public property in violation of the principle espoused in
 
 Blake.
 
 We find it significant that the
 
 City of Boca Raton
 
 case did not even mention the
 
 Blake
 
 decision, much less explicitly overrule it. And it is well settled that the supreme court does not overrule itself by implication.
 
 See Puryear v. State,
 
 810 So.2d 901, 905 (Fla.2002). We also note that the
 
 City of Boca Raton
 
 case did not separately address whether public property would be subject to special assessments in the absence of specific legislative authority. We thus believe that the special exception for public property described in
 
 Blake
 
 survived not only the constitutional amendment in 1968, but also the enactment of the Municipal Home Rule Powers Act.
 

 We find support for our decision in
 
 City of Gainesville v. State, Department of Transportation,
 
 778 So.2d 519 (Fla. 1st DCA 2001). In that case, the First District acknowledged that “legislative intent to sanction special assessments on state property must ‘clearly appear [ ] from the statute.’”
 
 Id.
 
 at 522 (alteration in original) (quoting
 
 Edwards v. City of Ocala,
 
 58 Fla. 217, 50 So. 421, 422 (1909)). We recognize that
 
 City of Gainesville
 
 is limited in application because there the city of Gainesville did not argue that state property was subject to special assessment.
 
 *841
 
 Yet we find it noteworthy that the exception for public property was still being recognized nine years after
 
 City of Boca Raton
 
 was decided.
 

 Further supporting our decision is the fact that upon review of the
 
 City of Gainesville
 
 case, the Florida Supreme Court commented that: “As a state agency, ... DOT would be exempt from special assessments absent a statute specially authorizing, either explicitly or ‘by necessary implication,’ special assessments on state property.”
 
 City of Gainesville v. State,
 
 863 So.2d 138, 143 n. 3 (Fla.2003). We interpret this comment to mean that in relation to the imposition of special assessments, the exception for public property is still alive and well according to the Florida Supreme Court.
 
 [2]
 

 NPRDD argues that
 
 Remington Community Development District v. Education Foundation of Osceola,
 
 941 So.2d 15 (Fla. 5th DCA 2006), supports its position that it may impose the non-ad valorem assessments, even without express or necessarily implied legislative authority. In
 
 Remington,
 
 the Remington Community Development District challenged a summary judgment which had been entered in favor of the Education Foundation of Osceola (the charter school).
 
 Id.
 
 at 15. In granting summary judgment, the trial court determined that the charter school was exempt from paying special assessments levied by Remington because of the charter school’s statutory status as a public school.
 
 Id.
 
 at 16.
 

 On appeal, the Fifth District noted that section 1013.51, Florida Statutes (2005), permitted public schools to unilaterally invoke an exemption from special assessments.
 
 Id.
 
 at 16 n. 1. However, the court went on to hold that the statutory exemption did not apply to charter schools because pursuant to section 1002.33(16)(a), Florida Statutes (2005), charter schools were exempted from all statutes contained within chapter 1013.
 
 Id.
 
 at 17.
 

 NPRDD thus argues that
 
 Remington
 
 stands for the proposition that unless there is a
 
 statutory exemption,
 
 all public property may be subjected to special assessments. We do not read
 
 Remington
 
 so broadly. The issue in
 
 Remington
 
 was whether a charter school qualified for the statutory exemption provided for in section 1013.51. But there is no holding in
 
 Remington
 
 that all public property is subject to special assessments absent a statutory exemption.
 

 We note that in reaching its decision, the Fifth District cited
 
 Blake
 
 for the proposition that “[historically, public schools in Florida were not exempt from special assessments.”
 
 Remington,
 
 941 So.2d at 16. This statement must be read in context, however, because in
 
 Blake,
 
 the special assessments had been specifically authorized by a special act of the legislature and subsequently confirmed and validated by another special act.
 
 See Blake,
 
 156 So. at 98. And ultimately, the
 
 Blake
 
 court recognized that special assessments may only be imposed upon public property “if so provided by legislation.”
 
 Id.
 
 at 99. We therefore reject NPRDD’s argument that
 
 Remington
 
 supports its position that it may lawfully impose non-ad valorem assessments on West Villages’ property despite the absence of legislative authority. But to the extent that our conclusions
 
 *842
 
 conflict with the Fifth District’s opinion m
 
 Remington,
 
 we certify conflict.
 

 We hold that the circuit court departed from the essential requirements of the law by failing to apply
 
 Blake.
 
 We therefore grant certiorari and quash the order under review. We also certify the following question as one of great public importance, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
 

 MAY A MUNICIPAL DEPENDENT SPECIAL DISTRICT, PURSUANT TO MUNICIPAL HOME RULE POWER, IMPOSE A NON-AD VALOREM SPECIAL ASSESSMENT UPON REAL PROPERTY OWNED BY A STATE GOVERNMENTAL ENTITY, IN THE ABSENCE OF EXPRESS OR NECESSARILY IMPLIED LEGISLATIVE AUTHORITY?
 

 Certiorari granted, conflict certified, and question certified.
 

 ALTENBERND and CRENSHAW, JJ., Concur.
 

 [1]
 

 . West Villages also challenged the imposition of the non-ad valorem assessments on the bases that: (1) the parcels in question were exempt because they constituted common elements within residential subdivisions; (2) the parcels would not receive any benefits from the services provided by the NPRDD; and (3) NPRDD failed to comply with section 197.3632, Florida Statutes (2008), when it provided notice of the proposed assessments. However, because we have determined that the circuit court departed from the essential requirements of law by failing to apply
 
 Blake,
 
 these additional bases need not be addressed.
 

 [2]
 

 . The Florida Attorney General’s Office agrees with our conclusion.
 
 See
 
 Op. Att’y Gen. Fla. 90-85 (1990) (opining that “[sjtate-owned lands are subject to special assessment by local government only when such liability is clearly provided by statute" and that "in the absence of a statute expressly so providing, state-owned land is not subject to such assessment").