POLSTON, J.
The North Port Road and Drainage District (NPRDD), a municipal dependent special district wholly contained within the City of North Port, levied non-ad valorem special assessments against nine parcels of real property owned by West Villages Improvement District, an independent special district of the State of Florida. The Second District Court of Appeal in West Villages Improvement District v. North Port Road & Drainage District, 36 So.3d 837, 840 (Fla. 2d DCA 2010), held that NPRDD could not lawfully impose the special assessments on West Villages’ real property without statutory authority. We approve the Second District’s holding, but on the basis that NPRDD’s home rule power under the Florida Constitution does not reach as far as it argues.[1]

I. BACKGROUND

Description of Special Districts

Special districts are recognized in article VII of the Florida Constitution as governmental entities, and section 189.403, Florida Statutes (2008), defines the two main types of special districts as follows:
(1)“Special district” means a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers.... The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit ..., or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality.
(2) “Dependent special district” means a special district that meets at least one of the following criteria:
(a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality.
(b) All members of its governing body are appointed by the governing body of a single county or a single municipality.
(c) During their unexpired terms, members of the special district’s governing body are subject to removal at will by the governing body of a single county or a single municipality.
(d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality.
(3) “Independent special district” means a special district that is not a dependent special district.... A district that includes more than one county is an independent special district unless the district lies wholly within the boundaries of a single municipality.
West Villages is an independent special district of the State of Florida, which was created by special legislative act. See ch.2004-456, § 2(3), Laws of Fla. NPRDD is a municipal dependent special district.

Facts

The facts of this ease were described by the Second District as follows:
*71 West Villages owns nine parcels of real property located within the [C]ity of North Port upon which NPRDD imposed the non-ad valorem assessments.[2]
In mid-2008, NPRDD amended its enabling ordinance to provide that NPRDD would levy non-ad valorem assessments against real property owned by governmental entities. NPRDD then published a notice of public hearing to address the adoption of the non-ad valo-rem assessment roll for the 2008-2009 fiscal year. Thereafter, West Villages received notices of the proposed assessments for each of the nine parcels in question. West Villages timely filed written objections to the proposed assessments arguing, in relevant part, that there was no explicit or necessarily implied legislative authorization for NPRDD to impose the non-ad valorem assessments upon any property owned by West Villages, as such property constituted public property.
At the public hearing, West Villages objected not only verbally but also in writing to the proposed assessments, raising the same arguments which it previously made. Despite West Villages’ objections, NPRDD passed a resolution which established the non-ad va-lorem assessment rates and which adopted the proposed non-ad valorem assessment roll.
Thereafter, West Villages filed appeals to address the imposition of the non-ad valorem assessments for each of the nine parcels. Again, West Villages asserted there was no legal basis for NPRDD to impose the non-ad valorem assessments upon the parcels in question. On October 17, 2008, the district director for NPRDD issued a letter to West Villages denying the appeals.
On November 14, 2008, West Villages filed its petition for writ of certiorari in the circuit court. In its order denying West Villages’ petition, the circuit court cited City of Boca Raton v. State, 595 So.2d 25 (Fla.1992), and determined, in relevant part, that “[a] dependent special district ... has the authority to levy non-ad valorem assessments on specially benefited properties pursuant to both their home rule authority and statutory authority.”
West Villages, 36 So.3d at 838-39 (footnote omitted).

II. ANALYSIS

The Second District held that this Court’s decision in Blake v. City of Tampa, 115 Fla. 348, 156 So. 97 (1934), prohibits NPRDD’s levy because the Florida Legislature has not, expressly or by necessary implication, authorized such assessments against state land. See West Villages, 36 So.3d at 839-40. NPRDD argues that Blake is no longer valid in light of the creation of municipal home rule powers.[3] Assuming, without deciding, that Blake is not applicable, we hold that NPRDD’s home rule powers do not extend so far as to allow its special assessments on West Villages’ property.
*72 Under the 1885 Florida Constitution, “all municipal powers were dependent upon a specific delegation of authority by the [L]egislature in a general or special act.” City of Boca Raton, 595 So.2d at 27. This approach overwhelmed the Legislature with requests to enact bills to grant the power needed to resolve each municipality’s specific, local problems. Id. Therefore, a provision was added to the 1968 Florida Constitution to grant municipalities broad home rule powers. Id. Article VIII, section 2(b) provides that “[m]unicipalities shall have governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.”
Thereafter, the Legislature enacted the Municipal Home Rule Powers Act, which is now codified in chapter 166, Florida Statutes. See City of Boca Raton, 595 So.2d at 27-28. Section 166.021, Florida Statutes (2008), grants municipalities the powers needed to perform the functions of municipal government so long as the power is exercised for a municipal purpose, which is defined in section 166.021(2), Florida Statutes (2008), as “any activity or power which may be exercised by the state or its political subdivisions.” However, section 166.021(3), Florida Statutes (2008), explains that, despite broad home rule powers, municipalities may not legislate regarding subjects expressly prohibited by the constitution and subjects expressly preempted to state or county government by the constitution, by general law, or by county charter.
In this case, NPRDD’s special assessments on West Villages’ property fall within the limitations on home rule powers delineated in section 166.021(3) because (i) West Villages is not authorized by law to pass through NPRDD’s special assessments to the property assessed separately by West Villages, and (ii) NPRDD is prohibited by the constitution from compelling payment by the Florida Legislature. In other words, there is no way for West Villages to lawfully pay the assessments.
West Villages’ enabling statute, chapter 2004-456, section 3(2)(q), permits West Villages to levy non-ad valorem assessments “for property, facilities, and services made available, furnished, or to be furnished by the district.” This does not allow West Villages to levy assessments for the purposes of paying NPRDD’s special assessments because such a levy would not be based on any benefit or service provided by West Villages. For the same reason, West Villages’ authority to levy special assessments pursuant to chapter 170, Florida Statutes (2008), and West Villages’ authority to levy the non-ad valorem assessments pursuant to section 298.305, Florida Statutes (2008), could not be utilized to pay NPRDD.[4] See ch.2004-456, § 6.
*73 Further, the Florida Legislature explicitly provided in West Villages’ enabling act that “[a]ny property interests owned by the district which are used for nonpublic or private commercial purposes shall be subject to all ad valorem taxes, intangible personal property taxes, or non-ad valo-rem assessments, as would be applicable if said property were privately owned.” Ch.2004-456, § 3(2)(d), Laws of Fla. Here, it is undisputed that the nine parcels of West Villages’ property are used for public purposes rather than nonpublic or private commercial purposes.[5] Therefore, West Villages is not authorized by law to pay NPRDD’s special assessments as if the parcels were privately owned.
NPRDD also cannot reach through West Villages into the state treasury to force a payment from the state. That is prohibited by article VII, section 1(c) of the Florida Constitution, which provides that “[n]o money shall be drawn from the treasury except in pursuance of appropriation by law.” See, e.g., Chiles v. Children A, B, C, D, E, & F, 589 So.2d 260, 265 (Fla.1991).
Accordingly, because there is no way for West Villages to lawfully pay the special assessments, NPRDD’s assessments fall within the limitations on home rule powers set forth in section 166.021(3).

III. CONCLUSION

We rephrase the Second District’s certified question as follows:
PURSUANT TO MUNICIPAL HOME RULE POWERS, MAY NPRDD, A MUNICIPAL DEPENDENT SPECIAL DISTRICT, LEVY NON-AD VA-LOREM SPECIAL ASSESSMENTS UPON REAL PROPERTY OWNED BY WEST VILLAGES, AN INDEPENDENT SPECIAL DISTRICT OF THE STATE?
For the reasons explained above, we answer the rephrased question in the negative and approve the Second District’s holding that NPRDD cannot lawfully impose the special assessments on West Villages’ real property.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

2. NPRDD levied the non-ad valorem special assessments to fund drainage and arterial and collector road improvements within the City of North Port.

. West Villages and amici argue that, independent of Blake's validity, West Villages enjoys sovereign immunity and is therefore not subject to NPRDD’s levy. We reject that argument because this Court in Canaveral Port Authority v. Department of Revenue, 690 So.2d 1226, 1228 (Fla.1996), held that independent special districts like West Villages do not have sovereign immunity. We need not reach the remaining alternative arguments raised by West Villages because of our ruling on home rule powers.

. Moreover, a pass-through of NPRDD’s special assessments to the different properties within West Villages’ jurisdiction would violate the test required for lawful special assessments. See City of N. Lauderdale v. SMM Props., Inc., 825 So.2d 343, 345 (Fla.2002) ("In reviewing a special assessment, a two-prong test must be addressed: (1) whether the services at issue provide a special benefit to the assessed property; and (2) whether the assessment for the services is properly apportioned.") (quoting Lake Cnty. v. Water Oak Mgmt. Corp., 695 So.2d 667, 669 (Fla.1997)). West Villages’ jurisdiction extends beyond the City of North Port into unincorporated Sarasota County. See ch.2006-355, §§ 2, 17, Laws of Fla. NPRDD cannot do indirectly what it cannot do directly. See Leon Cnty. Educ. Facilities Auth. v. Hartsfield, 698 So.2d 526, 528-29 (Fla.1997) (holding that county educational facilities authority was equitable owner of property, therefore portion of prop *73 erty used for exempt purposes was exempt from ad valorem taxation) (citing Bancroft Inv. Corp. v. City of Jacksonville, 157 Fla. 546, 27 So.2d 162 (1946) (stating that the Court should look through form to fact and substance in tax issues)).

. Two of West Villages’ nine parcels are designated wetland preservation tracts. Two are designated water managements tracts. Two are designated as recreational tracts for members of the platted subdivision in which the tracts are located, and one tract is a designated preserve for gopher tortoises. The remaining two tracts are being used in the installation, construction, and operation of the “West Villages Parkway,” a public roadway.